## CHARLES A. WORSHAM *v.* ERIC M. GREIFENBERGER ET AL.
### (SC 15491)

Callahan, C. J., and Borden, Norcott, Palmer and McDonald, Js.

Argued March 27—officially released August 12, 1997

*Christopher C. Burdett*, with whom was *Rhonna W. Rogol*, for the appellant (plaintiff).

*Linda Gray MacDonald*, for the appellees (defendants).

*William F. Gallagher* and *Thomas J. Airone* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

*Opinion*

BORDEN, J. The dispositive issue in this appeal is whether the due process clause of the fourteenth

amendment to the United States constitution requires that notice of the initiation of proceedings against a third party tortfeasor pursuant to the Workers' Compensation Act; General Statutes § 31-293 (a);[1] include, not only the notice requirements enumerated in the statute, but also notification that the failure of the recipient to move to intervene in the action within thirty days of the notice will result in the complete abatement of the recipient's right to bring an action. The plaintiff, Charles A. Worsham, appeals[2] from the trial court's granting of summary judgment in favor of the defendants, Eric M. Greifenberger, and his employer, Gelco Corporation. The trial court concluded that the plaintiff's cause of action had abated pursuant to § 31-293 because of his failure timely to intervene in an action brought by his employer, National Guardian Security (National), against the defendants. The plaintiff claims that the trial court's judgment is flawed because the lack of notification of the limited period during which he could intervene, and the failure to warn him of the consequences of failing timely to intervene, rendered the notice of his employer's action constitutionally inadequate to support a complete abatement of his cause of action. We agree and, accordingly, we reverse the judgment of the trial court.

---

[1] General Statutes § 31-293 (a) provides in pertinent part: "If the employee, the employer or the custodian of the Second Injury Fund brings an action against [a third party tortfeasor], he shall immediately notify the others, in writing . . . of the action and of the name of the court to which the writ is returnable, and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against [the third party tortfeasor] shall abate. . . ."

Although at the time of the plaintiff's injuries, General Statutes (Rev. to 1991) § 31-293 was in effect, subsequent amendments to that statute have effected only minor technical changes not relevant to this opinion. Therefore, all references herein to § 31-293 are to the 1997 revision of that statute.

[2] The plaintiff appealed from the judgment of the trial court to the Appellate Court. We transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

The material facts are undisputed. Following a September 23, 1991 motor vehicle accident that involved the plaintiff, who was driving a vehicle owned by National, the plaintiff filed a claim for, and received, benefits under the Workers' Compensation Act. On July 1, 1992, National instituted an action against the defendants under § 31-293 in order to recover the workers' compensation benefits that it had paid to the plaintiff. Pursuant to § 31-293, National notified the plaintiff of the initiation of those proceedings by a certified letter dated August 12, 1992. The letter identified the applicable court and docket number, and stated that the action was being taken pursuant to § 31-293.[3] The letter did not inform the plaintiff that, in accordance with § 31-293, his cause of action against the defendants would abate if he failed to intervene in National's action within thirty days. The plaintiff did not intervene in that action.

On June 23, 1993, the plaintiff filed this action against the defendants, alleging injuries arising from the negligence of Greifenberger. The defendants ultimately moved for summary judgment, claiming that the plaintiff's claim had abated because he had not intervened as a plaintiff in National's action within thirty days of the notice contained in the August 12, 1992 letter from National, as required by § 31-293. The trial court agreed with the defendants, and granted their motion for summary judgment. This appeal followed.[4]

[3] The text of the August 12, 1992 letter from National to the plaintiff provided: "Pursuant to authority granted to National Guardian Security pursuant to [General Statutes § 31-293], we have issued a Writ, Summons and Complaint against Gelco Corporation and Eric M. Greifenberger, owner and operator respectively of the automobile which rear ended your motor vehicle and caused you to sustain injuries. Said action was returnable to the Superior Court for the Judicial District of Stamford-Norwalk at Stamford on August 11, 1992. The Court now identifies this case as CV 92-0125705S. A copy of the Writ, Summons and Complaint is herewith enclosed for your use.

"You are invited, if you so desire, to join in as an additional plaintiff in this matter."

[4] Upon filing this appeal, the plaintiff simultaneously filed a motion for rectification and articulation in regard to the constitutional issues raised in

The plaintiff claims that the complete abatement of his cause of action against the defendants in the circumstances of this case violates his federal and state[5] due process rights.[6] Specifically, he argues that the August 12, 1992 letter from National provided him insufficient notice of the procedurally fatal consequences of a failure to move to intervene as a party plaintiff within thirty days as required by § 31-293. We agree.

We first note that the notice provided in this case comported with the statutory notice requirements of § 31-293. These statutory requirements for notice have been clearly settled by prior decisions of this court. In *Winslow* v. *Lewis-Shepard, Inc.*, 216 Conn. 533, 582 A.2d 1174 (1990), an employer sought to intervene, after the thirty day period had expired, in a third party action of its employee, who had received compensation benefits. Like the plaintiff in the present case, the employer in *Winslow* claimed that the abatement provision of § 31-293 should not apply to it because the notice received from the employee initiating the action failed to inform the employer that its right to intervene would abate unless exercised within thirty days. Id., 536–37. The employer argued that § 31-293 required that notice

the plaintiff's response to the summary judgment motion, which the trial court had not explicitly addressed in its memorandum of decision. Thereafter, the trial court stated: "By ruling as it did the court implicitly rejected the constitutional issues raised. The court in this ruling explicitly rejects them."

[5] We note that "[w]e need not discuss the [plaintiff's] assertion concerning [the due process provision of] article first, § 8, of the Connecticut constitution. He provides no separate analysis under the Connecticut constitution of that matter as pertains to this claim. In any event, we note that we have said that the due process provisions of the United States and Connecticut constitutions generally have the same meaning and impose similar constitutional limitations." *In re Dodson*, 214 Conn. 344, 362 n.15, 572 A.2d 328, cert. denied, 498 U.S. 896, 111 S. Ct. 247, 112 L. Ed. 2d 205 (1990).

[6] In its brief as amicus curiae, the Connecticut Trial Lawyers Association argues that the trial court's summary judgment also violated the plaintiff's constitutional right to equal protection. Because we reverse the judgment of the trial court on due process grounds, we do not reach the equal protection issue.

include this information. We held that "under § 31-293, an employee or employer who brings a third party action must simply notify the other of two facts: (1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable. The plain terms of the statute require no more." Id., 538. In *Durrschmidt* v. *Loux*, 230 Conn. 100, 644 A.2d 343 (1994), we considered a claim that valid notice to an employer must include notice of the employment relationship. We again held that the statute requires only the two facts set forth in *Winslow*. Id., 104. Finally, *Reichert* v. *Sheridan*, 34 Conn. App. 521, 528, 642 A.2d 51 (1994), aff'd, 233 Conn. 251, 658 A.2d 96 (1995), clarified that the notice and abatement provisions of § 31-293 also apply to situations in which injured employees sought to join third party actions initiated by employers.

In the present case, the August 12, 1992 letter sent to the plaintiff by National set forth the information required by *Winslow*. The letter provided: "Pursuant . . . to [General Statutes § 31-293], we have issued a Writ, Summons and Complaint against [the defendants], owner and operator respectively of the automobile which rear ended your motor vehicle and caused you to sustain injuries. Said action was returnable to the Superior Court for the Judicial District of Stamford-Norwalk at Stamford on August 11, 1992. . . ."

The prior cases interpreting § 31-293, however, did not involve constitutional claims regarding the sufficiency of the statutory notice. Whether the due process clause requires that the notice contain more information, therefore, remained an open question.[7] We conclude that it does.

[7] The issue of the sufficiency of § 31-293 notice was raised, but left unresolved, in *McClendon* v. *Soos*, 18 Conn. App. 614, 617 n.3, 559 A.2d 1163, cert. denied, 212 Conn. 808, 563 A.2d 1356 (1989), because the Appellate Court ruled that the party advancing the constitutional argument lacked standing to do so.

Our due process inquiry takes the form of a two part analysis. "[W]e must determine whether [the claimant] was deprived of a protected interest, and, if so, what process was his due." *Logan* v. *Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S. Ct. 1148, 71 L. Ed. 2d 265 (1982); see also *Board of Regents* v. *Roth*, 408 U.S. 564, 576, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); *Kelley Property Development, Inc.* v. *Lebanon*, 226 Conn. 314, 322, 627 A.2d 909 (1993); *State* v. *Campbell*, 224 Conn. 168, 181, 617 A.2d 889 (1992), cert. denied, 508 U.S. 919, 113 S. Ct. 2365, 124 L. Ed. 2d 271 (1993) ("[d]ue process analysis begins with the identification of the life, liberty or property interest at stake"). The plaintiff's right to pursue his tort remedy rises to the level of a property interest protected by the due process clause. "An interest protected or cognizable under the due process clause must have a basis in existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits . . . ." (Internal quotation marks omitted.) *Frillici* v. *Westport*, 231 Conn. 418, 437–38, 650 A.2d 557 (1994). An individual's entitlement to a prospective cause of action is well settled in our state law. "A right of action, including one for personal injuries, is a vested property interest, before as well as after judgment." *Massa* v. *Nastri*, 125 Conn. 144, 147, 3 A.2d 839 (1939). Moreover, the United States Supreme Court has held that "a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause." *Logan* v. *Zimmerman Brush Co.*, supra, 428.

Furthermore, the plaintiff has suffered a deprivation of this property interest. In the context of a § 31-293 proceeding such as this, a trial court's granting of summary judgment in favor of the defendants on the basis that the plaintiff's action was filed more than thirty days after notice of the initiation of the proceedings

extinguishes the plaintiff's claim permanently and completely. See *Reichert* v. *Sheridan*, supra, 34 Conn. App. 528–31. Because this is precisely what took place in the present case, the plaintiff has unquestionably been deprived of his interest in his tort claim.[8]

Because the plaintiff was deprived of an interest that rises to the level of a property interest protected by the due process clause, we next consider what process is due the plaintiff. See *Logan* v. *Zimmerman Brush Co.*, supra, 455 U.S. 428. Although we have noted that the "[f]undamental tenets of due process . . . require that all persons directly concerned in the result of an adjudication be given reasonable notice"; *Kron* v. *Thelen*, 178 Conn. 189, 193, 423 A.2d 857 (1979); we have not had occasion to address the due process requirements for notice in this or comparable circumstances. We are not completely without guidance, however, because "[i]n cases with issues involving the sufficiency of notices

---

[8] We reject the defendants' contention that the present case does not concern deprivation of a protected property interest. They suggest that the plaintiff, instead of being deprived of a property interest, has merely suffered "a [p]rocedural [l]imitation [o]n [h]is [r]ight [t]o [p]ursue [a] [t]hird [p]arty [t]ort [a]ction," which has been imposed by the operation of the abatement provision of § 31-293. Because the legislature is entitled to create this procedural limitation, they assert, it does not give rise to a due process claim. We disagree.

First, the plaintiff does not contend, as the defendants imply, that the legislature has no right to impose a time limit on a cause of action, such as that imposed by the abatement provision of § 31-293. Such an argument would indeed be difficult to sustain. Rather, the plaintiff makes the narrower claim that the process of law accorded to him under that abatement provision, and the associated notice provision, was constitutionally inadequate.

Moreover, insofar as the defendants have accurately characterized the plaintiff's complaint as an objection to the procedure that he has been accorded, they have erroneously characterized this objection as the plaintiff's claim of entitlement. By inappropriately conflating the substantive and the procedural prongs of the due process inquiry, the defendants ignore the substantive loss that the plaintiff has suffered. Cf. *New England Savings Bank* v. *Lopez*, 227 Conn. 270, 276, 630 A.2d 1010 (1993). Stated simply, the abatement procedure of § 31-293 does not operate in a vacuum. Rather, it serves to end forever the plaintiff's right to pursue his tort remedy.

under due process standards, a starting point is *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950) . . . ." *Wilson* v. *Health & Hospital Corp.*, 620 F.2d 1201, 1214 (7th Cir. 1980).

The United States Supreme Court in *Mullane* stated that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pen- dency of the action and afford them an opportunity [to be heard]." *Mullane* v. *Central Hanover Bank & Trust Co.*, supra, 339 U.S. 314. The court pointed out that an essential function of notice is to enable the recipient to "choose for himself whether to appear or default, acquiesce or contest"; id.; with regard to proceedings affecting the recipient's interests. Although *Mullane* concerned the means, and not the content, of notice, the content of the notice is as relevant as the means in evaluating its sufficiency. Unless the content of the notice conveys to the recipient a certain minimum level of information, the notice cannot enable the recipient meaningfully to choose a course of action in regard to the proceedings.

In the context of § 31-293 proceedings brought by either employers or employees against alleged third party tortfeasors, it is of particular importance that the recipient of the notice, whether it is the employee or the employer, be apprised of the consequences of inaction pursuant to the abatement provision of § 31-293. Upon receiving the notice of such a proceeding, the recipient has two alternatives with respect to the recipient's own right of action: (1) move immediately to intervene in the action; or (2) do nothing before the thirty day period for action expires and lose the claim forever. Without adequate information concerning the abatement provi- sion, the recipient simply is not informed that this choice needs to be made. Especially in light of the short

thirty day period for action, it is all too possible that the recipient may forfeit the claim without ever being aware that his or her property interest was in jeopardy.

The notice at issue in the present case failed to inform the plaintiff adequately of the consequences of inaction. The August 12, 1992 letter contained no explicit mention that a failure to move to intervene within thirty days would result in the permanent loss of the plaintiff's cause of action, and it could not reasonably be assumed that the plaintiff had independent knowledge of this fact. Moreover, the letter's identification of the specific statutory section governing the employer's action, namely, § 31-293, cannot be considered a sufficient means of apprising the plaintiff of this essential information. It is true that the plaintiff could have theoretically obtained the information by looking up the statute. The fact that prompt action is necessary after receipt of notice in order to preserve the recipient's rights, in conjunction with the fact that recipients of § 31-293 notice will not ordinarily have legal training, however, persuades us that a bare reference to § 31-293 is not an adequate surrogate for a reasonably clear statement of the legal effect of its statutory terms. We conclude, therefore, that the notice given to the plaintiff was constitutionally insufficient, and, thus, the abatement of the plaintiff's claim based upon his failure to intervene in a timely fashion unconstitutionally deprived him of his property.

Faced with analogous cases, the highest courts of other jurisdictions have reached similar conclusions. The Supreme Court of Washington has considered a challenge to the notice issued pursuant to that state's "missing shareholders" statute. That statute allowed a corporation, after publishing notice of an upcoming shareholder's meeting, to petition the Superior Court for appointment of a representative to cast the votes of missing shareholders at the meeting. The challenged

notice failed to inform shareholders that pursuant to the "missing shareholders" statute, "should they fail to appear at the shareholders' meeting, the court will appoint a person to vote their shares." *Watson* v. *Washington Preferred Life Ins. Co.*, 81 Wash. 2d 403, 408, 502 P.2d 1016 (1972). The Washington Supreme Court concluded that the notice was unconstitutional, stating that it " 'is fundamental that a notice to be meaningful must apprise the party to whom it is directed that his person or property is in jeopardy.' " Id. In *Schafran & Finkel, Inc.* v. *Lowenstein & Sons, Inc.*, 280 N.Y. 164, 19 N.E.2d 1005 (1939), the New York Court of Appeals dealt with this issue in the context of statutory notice of a demand regarding arbitration. The challenged notice did not inform the recipient that its failure to move for a stay of the arbitration proceeding within ten days would result in waiver of the claim that the recipient was not contractually bound to arbitrate the dispute. Id., 171. The court concluded that this notice did not comply with due process. Id. The court stated: "The notice should state . . . the consequences of [the recipient's] failure to act as the law specifies." Id., 172. We agree with the approach taken by these courts.

Moreover, although the present case involves a notice given by an employer to an employee, the same principles apply also to a notice issued to an employer by an employee bringing a third party action and giving notice pursuant to § 31-293. With respect to claims for reimbursement brought pursuant to § 31-293, employers have property interests similar to those of employees, and those interests merit equal constitutional protection. In addition, they are likely to be similarly affected by insufficient knowledge of the consequences of inaction with respect to actions governed by § 31-293. Employers and employees have generally been treated identically under the notice and abatement provisions of § 31-293. See, e.g., *Reichert* v. *Sheridan*, supra, 34

Conn. App. 528. We see no persuasive reason why they should not be treated identically for purposes of the constitutionality of the notice under the statute.

Finally, we address the remedy that is appropriate for this case. Ordinarily, "[i]f literal construction of a statute raises serious constitutional questions, we are obligated to search for a construction that will accomplish the legislature's purpose without risking the statute's invalidity." *Sassone* v. *Lepore*, 226 Conn. 773, 785, 629 A.2d 357 (1993). That adjudicative technique, however, presumes that an alternative, constitutional interpretation remains available. In the present case, our prior decisions interpreting § 31-293 have explicitly held that the statute requires no more than the fact that the action has been brought and the name of the relevant court, thereby precluding this approach. See *Durrschmidt* v. *Loux*, supra, 230 Conn. 104; *Winslow* v. *Lewis-Shepard, Inc.*, supra, 216 Conn. 538. Therefore, we must conclude that the statutory notice provision of § 31-293 is unconstitutional.

We are reluctant, however, simply to invalidate this provision, leaving the collateral consequences unaddressed. Such a step would entail significant questions concerning severability and the effect of the invalidation upon related provisions of the statute. These questions have not been briefed or presented to this court, and we are, therefore, not inclined to answer them. Yet, in the absence of some clear direction from us concerning the implementation of this decision, there would inevitably ensue significant uncertainty concerning the rights of, and the limitations upon, employers and employees bringing third party actions governed by § 31-293. Not only would resolving this confusion consume a great deal of judicial resources, the uncertainty would negatively impact the material interests of the workers' compensation community—employers, employees and the commissioners.

We therefore delineate a procedural scheme that will allow the statute to continue to function within the bounds of the constitution. Although courts rarely craft remedies of this sort, we note that it is not unprecedented for the judiciary in exceptional circumstances to delineate a procedural scheme for the protection of constitutional rights where statutory protections fall short or are nonexistent. See, e.g., *Miranda* v. *Arizona*, 384 U.S. 436, 467, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966) (fashioning procedures for police interrogations in order to protect fifth amendment right against self-incrimination); see also *Weeks* v. *United States*, 232 U.S. 383, 34 S. Ct. 341, 58 L. Ed. 652 (1914) (adopting exclusionary rule in order to protect against unconstitutional searches and seizures by federal authorities); *Mapp* v. *Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961) (extending exclusionary rule to states); *United States* v. *Calandra*, 414 U.S. 338, 348, 94 S. Ct. 613, 38 L. Ed. 2d 561 (1974) (clarifying that exclusionary rule "is a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect"); cf. *State* v. *Marsala*, 216 Conn. 150, 164, 579 A.2d 58 (1990) (" 'The exclusionary rule places no limitations on the actions of the police. The fourth amendment does.' ").

Specifically, we hold that in order for the abatement provision of § 31-293 to be invoked against a party, the notice given pursuant to that statute must have comported with both the statutory requirements and the due process clause. In compliance with the statute, the notice must contain "(1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable"; *Winslow* v. *Lewis-Shepard, Inc.*, supra, 216 Conn. 538; and in compliance with the due process clause, the notice must also include a notice that the recipient's right to bring an action against the third party tortfeasor will

be permanently lost if the recipient does not move to intervene in the action within thirty days of such notification.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.