[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO RECONSIDER MOTION TO INTERVENE CT Page 362
On March 21, 1996 the plaintiffs, Christopher and Gina Farrington, filed a complaint against the defendants James O'Donnell, Strouse Greenburg Co., Inc. and Ford Motor Credit for personal injuries resulting from an automobile accident. On March 11, 1996, the plaintiffs notified the petitioner, the Rubin Company, the employer of the plaintiff Christopher Farrington, who has paid workers compensation benefits, pursuant to General Statutes § 31-293, that such complaint was filed and served on the defendants. The notice failed to inform the petitioner that it would lose its right to intervene in the action if it did not act within thirty days of receiving the plaintiffs' notice. On April 19, 1996, the petitioner filed a motion to intervene as a plaintiff in this action. The motion was denied on the grounds that the petitioner failed to timely intervene and that the notice given to the petitioner complied with General Statutes § 31-293.
On October 9, 1997, the petitioner filed a motion to reargue the motion to intervene in light of the Supreme Court's ruling inWorsham v. Greifenberger, 242 Conn. 432, 698 A.2d 867 (1997). The plaintiffs filed an objection to the petitioner's motion on October 30, 1997. On November 11, 1997, the court, (Fasano, J.) granted the motion to reargue. In as much as Judge Fasano has been reassigned to another judicial district this court has agreed to hear this Motion to Intervene.
The Supreme Court held in Worsham v. Greifenberger, supra,242 Conn. 444 "that in order for the abatement provision of § 31-293 to be invoked against a party, the notice given pursuant to that statute must have comported with both the statutory requirements and the due process clause. In compliance with the statute, the notice must contain (1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable; . . . . and in compliance with the due process clause, the notice must also include a notice that the recipient's right to bring an action against the third party tortfeasor will be permanently lost if the recipient does not move to intervene in the action within thirty days of such notification."(Citations omitted; internal quotation marks omitted.)
It is the petitioners claim that in accordance with the holding in Worsham the content of the plaintiffs' notice was insufficient in that it failed to include language that the recipients "right to bring an action against the third party CT Page 363 tortfeasor will be permanently lost if the recipient does not intervene in the action within thirty days of such notification." Therefore, the petitioner argues that the notice was deficient and it should be allowed to intervene. The court agrees with the petitioners position.
The Supreme Court made clear in Worsham that, "[when] proceedings [are] brought by either employers or employees against alleged third party tortfeasors, it is of particular importance that the recipient of the notice, whether it is the employee or the employer, be apprised of the consequences of inaction pursuant to the abatement provision of § 31-293." Id. 440. Thus, the Worsham
decision requires that both employees and employers must be notified that they will lose their right to intervene pursuant to General Statutes § 31-293 if they do not act within thirty days of receiving notice.
The plaintiffs' notice to the petitioner failed to inform the petitioner that it would lose its right to intervene if it did not act within thirty days. Therefore, the notice to the petitioner in this case was insufficient. The petitioner's motion to intervene is granted.
PELLEGRINO, J.