[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO INTERVENE #163
In this matter Field View Farm seeks to intervene in the above entitled matter to recover Workmen's Compensation benefits paid to the plaintiff, Robert Durrschmidt, who was injured while in the employ of Field View Farm.
Durrschmidt brought this action in tort to recover damages based upon the defendants alleged negligence and pursuant to § 31-293
CGS, gave notice to his employer Farm View. Farm View filed an intervening complaint but failed to do so within the period provided for by the statute — 30 days after receipt of notice.
Durrschmidt objected to the filing of the intervening complaint which objection was sustained by the trial court, McGrath, J. [7 CONN. L. RPTR. 272]. This ruling was appealed by the employer Farm View and the ruling was upheld by the Appellate Court. Certiorari was granted by the Supreme court, Durrschmidt v. Peter Loux et al,230 Conn. 100 and the Supreme Court held that because the intervening complaint was not timely filed the trial court was correct in granting the objection to the filing of the intervening complaint. The court found that the notice given by the employer complied with the statutory requirements but because CT Page 3335 it was not timely filed the employer lost its right to intervene.
Subsequent to that determination and while the underlying action of the employee continued to pend, the Supreme Court took up the issue if what constitutes proper notice under § 31-293
and concluded in the case of Worsham v. Greifenberger,242 Conn. 432 that § 31-293 was constitutionally defective in that it did not provide for the employee to advise the employer in giving notice of the commencement of the action that the employer's rights would be lost permanently if the employer did not intervene within the 30 day period as set out in the statute. There is no question here that the notice afforded to Farm View giving rise to Farm View's original motion to intervene did not include such a caveat as the Supreme Court by its decision would now require for the notice to be effective.
Farm View now renews its Motion to Intervene claiming that the original notice was inadequate in this regard and that it should now be allowed to intervene.
It is the position of the defendant that the law as set out in Worsham cited ante, should not be applied retroactively, that the intervening plaintiff was found by the Appellate Court and the Supreme Court to have received proper notice as the statute had proscribed prior to Worsham and had failed to protect its rights by timely filing its intervening complaint.
The intervening complainant claims that Worsham should be applied retroactively to permit it to recover the benefits paid to Durrschmidt in the event that he recovers damages from the defendant Loux.
This court concludes that Worsham should have retroactive application to permit the filing of the intervening complaint. The purpose of § 31-293, inter alia, is to implement the public policy of preventing double recovery by an injured employee, i.e., recovering both medical expenses and compensation for loss of earnings from both the workman's compensation carrier as requires to be paid by the employer under the Workman's Compensation Act, Chapter 568. Conn. Gen. Stat., and like compensation from a tort feasor in the event of a successful tort action. Durniak v. August Winter and Sons, Inc., 222 Conn. 775,779. To deny the filing of the intervening complaint in this matter if it has been properly filed would contravene such stated public policy. See Enquist v. General Datacom, 218 Conn. 19, 26. CT Page 3336
If the decision in Worsham is to be applied retroactively the notice as given by the plaintiff was defective by not including the caveat concerning permanent loss of rights and accordingly this motion to intervene may not be denied on the basis of failure to comply with the statute as the notice was defective.
In determining whether a decision of unconstitutionality may be applied retroactively there are several elements to be considered. See Neyland v. Board of Education, 195 Conn. 174, 179
as to those elements which would restrict a decision from being applied retroactively. Among the considerations is a review of "The merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation", Neyland, p. 179. Clearly, to give Worsham prospective application in this case would permit the plaintiff-employee a double recovery while denying the employer reimbursement of benefits paid. There is no hardship or injustice visited upon the plaintiff by such application in this instance since he will be obligated to reimburse his employer only if he is successful in recovering damages himself. If he is unsuccessful, he still retains the benefits previously paid to him by the employer under the terms of the Workmen's Compensation Act.
There is also no hardship visited upon the defendant by retrospective application as his liability and obligation will not be increased by the intervening plaintiff's cause of action for reimbursement.
Accordingly, the Motion to Intervene is granted.
RIPLEY, J.