[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by plaintiff Sanitary Refuse Company ("SRC") to recover payment of workers' compensation benefits it made to its employee, intervening plaintiff Walter Dinkoski, who allegedly sustained injuries in a work-related accident on October 1, 1993. Mr. Dinkoski has intervened in the present case and defendant Peterbilt Motors Company ("Peterbilt Motors") has moved for summary judgment contending that Mr. Dinkoski failed to intervene within the time period prescribed by the Workers' Compensation Act, Connecticut General Statutes ("C.G.S.") § 31-293(a).
Mr. Dinkoski alleges the following facts:[1]
Mr. Dinkoski was employed by SRC as a dump truck driver. SRC bought a Model 320 Peterbilt tandem steer cab and chassis (hereinafter "truck") with a front cab guard/ladder from Truck Center, Inc. of North Haven, Connecticut in 1993. The front cab guard/ladder (also referred to as a "windshield guard") on the truck consists of two vertical metal rails supporting four horizontal steps with foot grips. There are no handrails at the top step which is parallel with the top of the cab. On October 1, 1993, Mr. Dinkoski fell backward off the top of the truck CT Page 3570 onto the pavement while climbing the front cab guard/ladder. As a result of the fall off of the dump truck, Mr. Dinkoski suffered numerous injuries for which SRC paid him workers' compensation benefits in the amount of $64,258.76, and which SRC seeks to recover in the present lawsuit.
Plaintiff SRC originally filed an action in United States District Court for the District of Connecticut at Hartford on September 26, 1995 to recover the above-mentioned reimbursement of worker's compensation benefits pursuant to C.G.S. § 31-293. The caption of that lawsuit was "Sanitary Refuse Company v. TheHeil Co., a foreign corporation," and jurisdiction was based on diversity of citizenship of the parties, as the Heil Co. was a Delaware corporation. Mr. Dinkoski was notified of the commencement of this federal court action by letter dated September 25, 1995, which he received on September 29, 1995. Mr. Dinkoski never intervened in this action while it was pending in District Court. Although the federal court action was amended on March 13, 1996 by adding Peterbilt Truck Center, Inc., Peterbilt Motors, the movant herein, was never a party in the federal case.
On September 30, 1996, counsel for SRC, notified Mr. Dinkoski, that SRC was filing a complaint returnable to the judicial district of Waterbury for the reimbursement of worker's compensation benefits pursuant to General Statutes § 31-293
against the following defendants: Peterbilt of Connecticut, Peterbilt Motors Company (a Division of Paccar), Truck Center, Inc., and Peterbilt of Houston (Rush Truck Centers of Texas, Inc.). The Heil Company was not named in the state court lawsuit.[2]
On September 30, 1996, Mr. Dinkoski filed a motion to intervene as co-plaintiff and an intervening complaint. On October 7, 1996, SRC's complaint was filed in the judicial district of Waterbury. On November 13, 1996, Mr. Dinkoski filed a notice of amended caption, an amended motion to intervene, and an amended complaint bearing amended caption. The Court, Fasano, J. granted the motion to intervene as co-plaintiff on December 23, 1996.
On June 26, 1997, Mr. Dinkoski filed a revised intervening complaint against defendants Peterbilt of Connecticut, Peterbilt Motors Company (a Division of Paccar), and Truck Center Inc. On August 6, 1997, Peterbilt Motors filed a motion for summary CT Page 3571 judgment on Mr. Dinkoski's revised intervening complaint on the ground that Mr. Dinkoski's right of action has abated pursuant to General Statutes § 31-293(a) by his failure to timely intervene in the federal court action.
Discussion
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). Practice Book § 384 provides that summary judgment, "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]"Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
Peterbilt Motors contends that pursuant to C.G.S. § 31-293
(a)[3], Mr. Dinkoski's right of action has abated. Peterbilt Motors asserts that Mr. Dinkoski's right of action is "forever extinguished and cannot be revived by the mere fortuity of SRC refiling the same cause of action in another [state] court" because Mr. Dinkoski failed to intervene within thirty days of SRC's notice to him of its lawsuit against the Heil Company in federal court. (Peterbilt Motors' memorandum of law dated August 5, 1997, pp. 4 5). Mr. Dinkoski counters that the notification given to him of the Heil Company action in federal court is constitutionally defective in that it fails to comport with the due process requirements mandated by the Supreme Court inWorsham v. Greifenberger, 242 Conn. 432, 698 A.2d 867 (1997).
The Court agrees with Mr. Dinkoski that the notice given to him by his employer, SRC, cannot be enforced. The Court finds that the notification is statutorily and constitutionally defective. The September 26, 1995 letter to Mr. Dinkoski referenced the name of the action which SRC was pursuing: "Sanitary Refuse Co. v. The Heil Co." It also stated as follows, in pertinent part:
 My client has paid compensation benefits in connection with injuries you suffered on October 1, 1993, in the amount of $64,258.76. We are pursuing CT Page 3572 our reimbursement rights in accordance with § 31-293
of the Connecticut General Statutes to recover all benefits paid, and to be paid, on your behalf.
 In that connection, please be advised that we have filed a third party claim against The Heil Co., the responsible party. This action is pending in the United States District Court, District of Connecticut.
 Pursuant to Conn. Gen. Stat. § 31-293, you have the right to join the above entitled action as party plaintiff. Your failure to intervene within thirty days of your receipt of this letter, however, will constitute a waiver of your right to do so.
Thus, the only notification of the court to which the writ is returnable is the "United States District Court, District of Connecticut." However, there are three seats of court for the District Court for the District of Connecticut, one in Hartford, one in New Haven and one in Bridgeport. This notice, therefore, does not adequately inform Mr. Dinkoski of the location of the court where the action is pending. Accordingly, the court finds that the notice fails to meet the statutory requirement of § 31-293
(a), in that it does not include the "name of the court to which the writ is returnable."
Moreover, the notice at issue in this case does not comply with the due process of law requirements set forth by the Connecticut Supreme Court in Worsham, supra. In Worsham, the Court specifically held that ". . . in order for the abatement provision of § 31-293 to be invoked against a party, the notice given pursuant to that statute must have comported with both the statutory requirements and the due process clause. In compliance with the statute, the notice must contain `(1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable'; . . . and in compliance with the due process clause, the notice must also include a notice that the recipient's right to bring an action against the third party tortfeasor will be permanently lost if the recipient does not move to intervene in the action within thirty days of such notification. Worsham, 242 Conn. at 444-45, (internal citation omitted). While it is not mandatory, as Mr. Dinkoski claims, that the exact words "permanently lost" be used in a § 31-293 notification letter, the recipient of the notice must "be apprised of the consequences of inaction CT Page 3573 pursuant to the abatement provisions of § 31-293." Id. at 440. That is, the recipient of the letter must be clearly told that if he chooses to do nothing and allows the thirty day period to expire without intervening in the lawsuit, he will forever lose his claim. Id.
In the instant case, the court finds that the September 26, 1995 letter sent to Mr. Dinkoski by his employer, SRC, does not meet the Worsham requirements as aforementioned. The statement that ". . . failure to intervene within thirty days of your receipt of this letter . . . will constitute a waiver of your right to do so," does not adequately inform Mr. Dinkoski of the consequences of inaction by him. It does not explicitly advise Mr. Dinkoski of the permanency of the loss of his claim. A non-lawyer could reasonably interpret this notice to mean that he had the option of intervening in the lawsuit brought by his employer against the Heil Company or lose his right to do so against that party only. After receipt of the notice at issue in this case, Mr. Dinkoski also could have reasonably believed that he still would be entitled to join prospective causes of actions brought by his employer. The court finds, therefore, that the notification given to Mr. Dinkoski is constitutionally defective and cannot be invoked against him in the present action. Accordingly, Peterbilt Motors' motion for summary judgment is hereby denied.
ESPINOSA, J.