[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 17, 1997 this court denied the motion of VNA of South Central Connecticut (hereinafter VNA) to intervene in this action. VNA, in its proposed intervening complaint claimed that it paid worker's compensation benefits to the plaintiff, Pauline Bayley and was thus entitled to intervene pursuant to C.G.S. § 31-293.
The plaintiff had sent notice to the VNA regarding the institution of the action, which notice was dated June 27, 1996 and received by it on July 1, 1996. Such notice was in compliance with the requirements of § 31-293 in accordance with case law in effect at that time. See Winslow v. Lewis-Shepard, Inc.,216 Conn. 533 (1990). The motion of VNA to intervene was filed on June 2, 1997 and was therefore not filed within the 30 days mandated by § 31-293.
On February 23, 1998, this court granted VNA's motion to reargue based upon the Supreme Court decision in Worsham v.Greifenberger, 242 Conn. 432 (1997), and granted VNA's motion to intervene. The court fully considered the plaintiff's objections to the motion to reargue.
The plaintiff has now filed a motion to reargue the Court's February 23, 1998 decision allowing VNA to intervene in this action. Each party has briefed the substantive issues involved. Accordingly, the court will grant the motion to reargue and again rule upon whether VNA should be allowed to intervene.
Essentially, the plaintiff claims that the court's decision on June 17, 1997 was a final judgment, subject to appeal and thus the court should not have reversed that decision. It is the position of the plaintiff that the Worsham decision should not be applied retroactively in this case.
This court disagrees with the plaintiff. The plaintiff argues in her brief against retroactivity. However, the cases cited appear to deal with statutory enactments rather than judicial decisions dealing with existing statutes. Judgments which are not by their terms limited to prospective application CT Page 4802 are presumed to apply retroactively to pending cases. State v.Ryerson, 201 Conn. 333, 339 (1986). This case in the court's view remains a "pending case" to which the presumption of retroactivity should apply.
It is true, as the plaintiff points our that the court's decision in denying the motion of VNA to intervene was a final judgment for the purposes of an appeal. However, there are instances in which a decision may be final for appeal purposes but not be final for purposes of res judicata. Marone v. City ofWaterbury, 244 Conn. 1, 12 (1998). This court is of the opinion that such a situation applies to the case at hand.
The notice sent by the plaintiff, dated June 27, 1996 does not comply with the requirements set forth in the Worsham
decision. Thus to date, if Worsham is to be applied retroactively, there has been no notice to VNA which would being the running of the 30-day period within which it must move to intervene.
The court disagrees with the plaintiff's claim that Worsham
did not hold that § 31-293 was unconstitutional. The court inWorsham, at p. 443 stated: "Therefore, we must conclude that the statutory notice provision of section 31-293 is unconstitutional." The court held that the plaintiff in that action had been deprived of a property interest without due process.
In the court's view, fairness and justice require thatWorsham be applied retroactively to this case and that VNA be permitted to intervene. To hold otherwise would result in a situation where the intervening plaintiff would be deprived of a property interest by virtue of a notice provision which has now been held to be unconstitutional. Additionally, the plaintiff would be the beneficiary of a double recovery in the amount of the benefits paid which are represented to be $95,485.71.
Accordingly, while the plaintiff's motion to reargue is granted, the court's ruling granting VNA's motion to intervene remains the same.
THOMPSON, J.