[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Rafael Battle (Battle) commenced this slip and fall negligence action against the defendants on July 29, 1996. The defendants, Ronald and Jeanne Padroncelli (Padroncelli), owned a tenement house located at 25-27 Vermont Terrace in the town of Southington. Battle alleges that on January 17, 1996, CT Page 3818 while employed by the intervening plaintiff All Waste, Inc. (All Waste), he was removing refuse from the defendants' property, fell because of an accumulation of ice and snow and was injured.
By letter of August 12, 1996 to All Waste and letters of March 4, 1997 and March 3, 1998 to the insurer of All Waste, plaintiff's counsel gave notice of plaintiff's suit against defendants. On July 22, 1998, All Waste filed a motion to intervene in the plaintiff's action, and also a proposed intervening complaint. In its proposed intervening complaint, All Waste sought, pursuant to General Statutes § 31-293, an apportionment of any recovery the plaintiff achieved from the defendants. On August 10, 1998, the court, Holzberg, J., over the plaintiff's objection, granted All Waste's motion to intervene in this action.
Presently before the court is the defendants Padroncelli's motion for summary judgment with respect to the intervening complaint of All Waste. The defendants have filed a brief in support of their motion, and All Waste has filed a memorandum of law in opposition to the motion for summary judgment. This motion raises, in a different procedural context, essentially the same issues as the objection to the motion to intervene and both parties have relied upon the exhibits previously filed in connection with such and a motion to strike by plaintiff.
The defendants seek summary judgment on the basis that All Waste's intervening complaint is barred by General Statutes §52-584. Specifically, the defendants argue that All Waste failed to intervene in the plaintiff's action within two years of the fall or thirty days after the § 31-293 notice and therefore, All Waste's intervening complaint is barred as a matter of law.
All Waste opposes the defendants' motion for summary judgment, arguing that its intervening complaint is not barred by the applicable statute of limitations. All Waste claims that it never received formal notice of the plaintiff's action in accordance with the statutory requirements of General Statutes § 31-293, and the due process requirements of Worsham v.Greifenberger, 242 Conn. 432, 698 A.2d 867 (1997). Consequently, it insists that the statute of limitations period in which to file the intervening complaint was tolled, and the defendants' motion for summary judgment must be denied. See Nichols v.Lighthouse Restaurant, Inc., 246 Conn. 156, 716 A.2d 271 (1998). CT Page 3819
"Practice Book § [17-49] provides that rendition of a summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Millerv. United Technologies Corp. , 233 Conn. 732, 755-52, 660 A.2d 810
(1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). The genuine issue aspect of summary judgment procedure requires that, prior to trial, the parties provide the court with evidentiary facts, or substantial evidence outside of the pleadings from which the material facts alleged in the pleadings can be inferred. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578-79, 573 A.2d 699 (1990);United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,378-79, 260 A.2d 596 (1969). "In deciding motions for summary judgment, the trial court is obliged to construe the evidence in the light most favorable to the nonmoving party. . . . The test to be applied would be whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal quotation marks omitted.) Gabrielle v. Hospital of St. Raphael,33 Conn. App. 378, 382-83, 635 A.2d 1232, cert. denied,228 Conn. 928, 640 A.2d 115 (1994). "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion. . . ." Ciarelli v.Romeo, 46 Conn. App. 277, 282, 699 A.2d 217, cert. denied,243 Conn. 929, 701 A.2d 651 (1997); see also Mullen v. Horton,46 Conn. App. 759, 763, 700 A.2d 1377 (1997) (directed verdict rendered only where, on the evidence viewed in light most favorable to nonmovant, trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed).
It is clear that the motion to intervene came more than two years after the date of the alleged accident. However, "under the statutory scheme governing workers compensation, an intervening employer's compliance with § 31-293 (a) tolls the statute of limitations if an employee had timely filed a claim against a third party tortfeasor." Nichols v. Lighthouse Restaurant, Inc., supra, 246 Conn. 165.
Battle's claim is within two years of the accident. If no proper notice was given under § 31-293 (a) or if All Waste brought its claim within thirty days of a proper notice, then the CT Page 3820 statute of limitations is tolled. Nichols v. LighthouseRestaurant, Inc., supra, 246 Conn. 170. It is clear that All Waste did not initiate the intervening complaint until more than seventy-five days after the last notice. Only if none of the three notices constituted proper, formal notice of the plaintiff's action against the defendants, did the applicable two-year statute of limitations period to file the intervening complaint remain tolled.
The Connecticut Supreme Court has stated that "under [General Statutes] § 31-293, [1] an employee or employer who brings a third party action must simply notify the other of two facts: (1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable. The plain terms of the statute require no more." (Internal quotation marks omitted.) Worsham v. Greifenberger, supra,242 Conn. 437; Winslow v. Lewis-Shepard, Inc., 216 Conn. 533,582 A.2d 1174 (1990). The Court has also held, however, that any notice given pursuant to § 31-293 must also comport with the requirements of due process. See Worsham v. Greifenberger, supra,242 Conn. 444.
"In the context of § 31-293 proceedings brought by either employers or employees against alleged third party tortfeasors, it is of particular importance that the recipient of the notice, whether it is the employee or the employer, be apprised of the consequences of inaction pursuant to the abatement provision of § 31-293." Worsham v. Griefenberger, supra, 242 Conn. 440
(1997). Specifically, the Court in Worsham held that for a notice given pursuant to § 31-293 to satisfy due process, it must "include a notice that a recipient's right to bring an action against the third party tortfeasor will be permanently lost if the recipient does not move to intervene in [the] action within thirty days of such notification." Id., 444-45.
Here, on August 12, 1996, the plaintiff sent All Waste notice of its action against the defendants. It is clear from the face of the notice that it fully comports with the statutory language of General Statutes § 31-293. It is equally clear, however, that the notice fails to satisfy the requirements of due process as articulated by the Connecticut Supreme Court in Worsham. Nowhere in the notice is there any statement that the employer must intervene in the plaintiff's action within thirty days, or permanently forfeit its right to bring an action against the third party tortfeasor. CT Page 3821
Although the plaintiff sent the notice to All Waste on August 12, 1996, and the Supreme Court's decision in Worsham was officially released on August 12, 1997, the due process requirement articulated in Worsham should be applied retroactively in the absence of language limiting it to prospective application, to effectuate public policy. Bayley v.Scott, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 054820 (April 1, 1998, Thompson, J.). The court finds the notice which the plaintiff sent to All Waste on August 12, 1996, to be constitutionally deficient and of no effect.
The notices sent to All Waste's insurer on March 4, 1997 and March 3, 1998 are similarly deficient. Neither notice states that All Waste had thirty days to intervene in the underlying action, and therefore, like the notice sent to All Waste on August 12, 1996, they are constitutionally deficient. See Worsham v.Greifenberger, supra, 242 Conn. 444-45. They are also deficient because notice sent to an employer's insurer does not constitute notice under General Statutes § 31-293 to the employer for intervention purposes. See Johndrow v. State, 24 Conn. App. 719,721, 591 A.2d 815 (1991)
For the reasons set forth above, the defendants are not entitled to summary judgment as a matter of law. Accordingly, the defendants' motion for summary judgment is denied.
James T. Graham Superior Court Judge