[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO INTERVENE #105
CT Page 6702
Presently before the court is a motion to intervene filed on November 13, 2001, by Opticare Eye Health Vision Center (Opticare). Opticare moves to intervene as co-plaintiff in the action filed by the plaintiff, Audrey Childress, on July 9, 2001, against the defendant, Freshfield Meadows, LLC, (Freshfield). Opticare moves to intervene, pursuant to General Statutes § 31-293, to recover amounts it has paid and has become obligated to pay for workers' compensation benefits.
Childress seeks damages for injuries she allegedly sustained following a slip and fall on January 6, 2000. At the time of the injury, Childress was employed by Opticare. Childress alleges that the injury occurred at work on the premises of Opticare and that Freshfield, owner of the premises, was responsible for maintenance and repairs thereon.
On November 15, 2001, Childress filed a memorandum of law in opposition to the motion to intervene in which she argued that Opticare was sent notification in writing of Childress' suit against Freshfield on July 3, 2001, and that Opticare acknowledged receipt of that notification on July 6, 2001. Childress argues that Opticare failed to intervene within the thirty days required by § 31-293 and that this court must therefore deny Opticare's motion to intervene.
When an employee has sustained injuries, creating in another person, other than the employer, liability for such injuries, notwithstanding recovery under the provisions of the Workers' Compensation Act, "the employee may proceed at law against such person to recover damages for the injury. . . ." General Statutes § 31-293 (a). If the employee files an action at law, "he shall immediately notify the [employer], in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the [employer] may join as [party] plaintiff in the action within thirty days after such notification, and, if the [employer] fails to join as [party] plaintiff, [its] right of action against such person shall abate." General Statutes § 31-293 (a).
In the present case, Childress argues that following receipt of notification of Childress' action on July 6, 2001, Opticare had until August 6, 2001, to intervene in the action as a third party plaintiff. Childress further argues that because Opticare failed to intervene by August 6, 2001, Opticare's right of action has abated. In support of its motion to intervene, however, Opticare argues in its memorandum of law that because the purported notice letter of July 3, 2001, did not warn CT Page 6703 Opticare of the abatement provisions of General Statutes § 31-293, the notice letter is constitutionally deficient thus allowing for intervention in the present case.
"[I]n order for the abatement provision of § 31-293 to be invoked against a party, the notice given pursuant to that statute must have comported with both the statutory requirements and the due process clause. In compliance with the statute, the notice must contain `(1) the fact that the action has been brought; and (2) the name of the court to which the writ in the action is returnable' . . . and in compliance with the due process clause, the notice must also include a notice that the recipient's right to bring an action against the third party tortfeasor will be permanently lost if the recipient does not move to intervene in the action within thirty days of notification." (Citation omitted.)Worsham v. Greifenberger, 242 Conn. 432, 444, 698 A.2d 867 (1997). "Our Supreme Court expanded the statutory notice requirements of § 31-293
. . . [and] [i]t is of particular importance that the recipient of the notice . . . be appraised of the consequences of inaction pursuant to the abatement provision of § 31-293." (Citation omitted; internal quotation marks omitted.) Babich v. Bonadies, Superior Court, judicial district of New Haven at Meriden, Docket No. CV 00 0273122, (May 3, 2001, Booth, J.); see also Black v. Looney, Superior Court, judicial district of New Haven at New Haven, Docket No. CV 97 0400050, (July 2, 1999, Devlin, J.) (25 Conn.L.Rptr. 73) (employer must be `properly notified' in accordance with § 31-293 to trigger the thirty day period within which to intervene).
In support of their respective positions, both Childress and Opticare have provided copies of the notice given by Childress in a July 3, 2001 letter to Opticare, which informs Opticare that "suit has been commenced," and that the "action is being brought in the Fairfield Judicial District at Bridgeport and has a return date of July 31, 2001." The notification does not include any language, as required underWorsham, that Opticare's "right to bring an action will be permanently lost if its motion to intervene is not filed within thirty days." Id., 444. Because Childress' notice fails to comply with the due process clause, the abatement provision of § 31-293 can not be invoked to prevent Opticare's intervention as a co-plaintiff. Opticare's motion to intervene is hereby granted.
 _______________ GALLAGHER, J.