[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION UPON MOTION TO INTERVENE
This case involves an injured workman's arguably belated motion to intervene into litigation commenced by the worker's employer compensation carrier against the maker of an allegedly defective product said to have injured the worker.
On November 12, 2001, the plaintiff-employer, Light Sources, Inc., filed a subrogation action pursuant to General Statutes § 31-293
against the defendant, Global Equipment Corporation, in an effort to recoup monies it had paid out to its employee, Jorge Riviera, in the form of workers' compensation benefits. The Plaintiff-employer alleges that on November 25, 1998, Rivera suffered a serious work-related injury at the plaintiff's manufacturing plant when the adjustable stool on which he sat collapsed unexpectedly, being defective in design.
On March 7, 2002, Rivera filed a motion to intervene and his intervening complaint. Rivera asks the court to use its discretionary power to allow intervention on the grounds that he is a "necessary party," as defined by General Statutes § 52-102.[1] Defendant Global objects, arguing that Rivera had a statutory right to file his own direct product liability suit within three years of his injury, failed to do so, and is now barred by the three year statute of limitations. (General Statues § 52-577a[2].) Manufacturer Global also asserts that Rivera is precluded because he failed to file his intervening motion within the thirty-day statutory time period authorized by § 31-293,[3] despite his having received what Global contends was proper notice from the plaintiff-employer that it had filed a subrogation action against Global.
In a supplemental brief, Rivera appears to abandon his "necessary party" claim under § 52-102, asserting that he is entitled to intervene as a matter of right because the employer failed to comply with the notice requirements of § 31 293. Global suggests that even if the court determines that the notice Rivera received was defective, Rivera's right to file a product claim is still barred by the three-year statute. CT Page 281 Lastly, the defendant argues that it will be unduly prejudiced if the court allows Rivera to intervene because it will be exposed to a damage award for pain and suffering.[4]
As to the sufficiency of the notice given by the employer, Rivera citesWorsham v. Greifenberger, 242 Conn. 432, 698 A.2d 867 (1997) to show that the notice was incomplete. Pursuant to Worsham, employers and employees filing third party actions pursuant to § 31-293 have an affirmative duty, in the language of the statute, to "immediately" notify each other of these actions, so that the other party may intervene if they so choose. Id. 437. The Worsham court states that the notice requirement has three prongs, two that arise from the statute itself and one from the constitutional requirements of due process; notice under § 31-293 is deemed invalid if a party fails to comply with all three prongs. Id., 444-45. In compliance with the statute, the notice must contain (1) the fact that the action has been brought; and (2) the name of the court to which the writ in action is returnable . . . and in compliance with the due process clause, the notice must also include a notice that the recipient's right to bring an action against the third party tortfeasor will be permanently lost if the recipient does not move to intervene in the action within thirty days of such notification." (Citation omitted; emphasis added; internal quotation marks omitted.) Id. Rivera contends the employer failed to comply with the third prong.
Accordingly, we must review the "notice". Global contends that the notice sent Rivera satisfied requirements because: 1) the employer mailed a photocopy of the original summons and complaint to Rivera's attorney, and 2) the employer's attorney sent a letter to Rivera dated April 17, 2001, indicating that it intended to file suit against the defendant.[5]
The plaintiff, in mailing the complaint to Rivera's attorney, complied with the two statutory requirements of notice, i.e., notice of (1) "the fact that an action [had] been brought" and (2) "the name of the court to which the writ in action is returnable." (Internal quotation marks omitted.) Worsham, supra, 242 Conn. 444. But, it is clear that neither complaint, nor the letter, complied with the due process requirement of informing Rivera that he had a right to intervene which he would lose if he did not move to intervene within thirty days. Thus, the plaintiff's notice to Rivera was invalid under § 31-293, and the worker's failure to meet the 30-day deadline for intervening cannot be held against him.
As to the defendant's alternate argument, invoking the three-year limitation, Rivera was injured on November 25, 1998. Thus, per §52-577a, Rivera had a right to file a direct action before November 25, 2001. In Nichols v. Lighthouse Restaurant, Inc., 246 Conn. 156, 159, CT Page 282716 A.2d 71 (1998), the Supreme Court addressed "whether the statute of limitations defense could be raised against an employer who, under §31-293 (a), intervenes in an employee's timely filed action against the tortfeasor within the thirty day time period but after the expiration of the applicable statute of limitations." The court concluded that "when an employer receives formal notice under § 31-293 (a) of an employee's timely filed action against a third party tortfeasor, the applicable statute of limitations on the underlying claim is tolled if the employer intervenes within the thirty day period prescribed by § 31-293 (a)"[6] Id., 170.
The setting of this matter is one where our Supreme Court, in Worsham, perceives constitutional due process implications in the sufficiency of the advisement to the worker[7], and rules that the remedy for violation is to relax the deadline for action dictated by the notice statute. In Worsham, the deadline pierced was not the overall three-year limitation, but the 30-day post notice one.
Here, in Rivera, the court must determine whether a Worsham -type notice defect should also prompt a puncture of the three-year limitation.
We learn from Nichols, supra, that the three-year limitation is not puncture proof, either. In that case, it gave way against a backdrop ofadequate notice which, as events had it, left less than the 30 days for the intervention action allowed.
It is this court's conclusion that, if our appellate court (s) would pierce the 30-day barrier to intervenors getting deficient notice, and pierce the three-year limitation where good notice simply bumps up against deadline, then it is likely the three-year barrier would not preclude the victim of bad notice.
As to defendant Global's protestation of prejudice, in Nichols the Supreme Court noted that "one of the purposes of a statute of limitations is to protect a defendant from finding himself [or herself] in a situation where, because of a lapse of time, [the defendant] is unable to gather facts, evidence and witnesses necessary to afford [the defendant] a fair defense. . . . [A] party once notified of litigation based on a particular transaction or occurrence, has been provided with all of the notice that statutes of limitations are intended to afford." (Citations omitted; internal quotation marks omitted.) Id., 166.
As in Nichols and as in this instance, one party has filed a timely action against the defendant, and has "thereby placed the [defendant] on CT Page 283 timely notice of material facts that gave rise to the plaintiff's claim," and another party is attempting to intervene in that action. Id. Here, as in Nichols, the complaints filed by plaintiff and the intervening plaintiff are essentially factually identical in that they both relate to the same transaction or occurrence and they both contain the same liability allegations against the defendant. In fact, Rivera adopts and incorporates a number of paragraphs from the plaintiff's complaint in his intervening complaint. Therefore, because the intervening complaint "raises [no additional] issues of fact or law necessary to the [defendant's] preparation of [its] defense to the [plaintiff's] claim, the [defendant], by virtue of the plaintiff's timely filed complaint, [was] provided with all of the notice that the statute of limitations are intended to afford." (Internal quotation marks omitted.) Id., 166. And, as to what is truly new to Global, Rivera's injury picture, abundant discovery time and opportunity will be fully available.
Because Rivera was not properly notified pursuant to § 31-293 (a), his claim against the defendant is not barred by the applicable statute of limitations, and plaintiff Rivera's motion to intervene is granted.