[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION RE MOTION TO DISMISS (Items 120, 127)
Plaintiff Sergio Proscino claims that his employer, co-plaintiff Fleet Street Holdings, Inc., did not timely intervene in this lawsuit under General Statutes § 31-293 and that this court should therefore dismiss the employer's complaint. The court previously denied Proscino's motion to dismiss. (Item 120.) In response to plaintiff Proscino's motion to articulate (Item 127), the court hereby articulates its decision.
Before the plaintiff served the writ, summons and complaint on defendants Maruja A. Oswald and Maruju A. Oswald-Moore, a claims representative for co-plaintiff Fleet Street Holdings, Inc. contacted the plaintiff's attorney. The claims representative requested the plaintiff's attorney to notify the claims representative of any court action and advised the plaintiff's attorney that Fleet Street Holdings, Inc. intended to join such action pursuant to General Statutes § 31-293
upon being notified.
At the time the plaintiff Proscino's attorney commenced this lawsuit against Oswald and Maruju A. Oswald-Moore, plaintiff Proscino did not notify Fleet Street Holdings, Inc. of the suit. After suit was commenced, an attorney who represented the interests of Fleet Street Holdings, Inc. wrote to the plaintiff's attorney and asked if suit had been commenced and, if it had been commenced, to send a copy of the complaint to counsel. Thereafter, plaintiff's counsel for the first time proceeded to notify the employer about this suit by mailing a letter to "Reuters America, 281 Tresser Blvd, Stamford, Ct 06901." A copy of the complaint was not forwarded to the employer. The representatives were not notified.
Co-plaintiff Fleet Street Holdings, Inc. filed its motion to intervene more that thirty days after the notice was received at the street address.[1] Section 31-293 requires the employer to intervene within thirty days after notification. The issue is whether the employer's tardiness is excused by an insufficient notice. CT Page 1489
In view of the fact that the employer's representatives had specifically instructed the plaintiff how the employer was to be notified, this court has closely scrutinized the notice that was mailed to the employer. The court finds the notice to be deficient. The notice must not be so crafted that the essential facts, see Worsham v.Greifenberger, 242 Conn. 432, 444-45, 698 A.2d 867 (1997), are skinned of meaningful import. The notice did not specifically state that the recipient's right to bring an action against Maruja A. Oswald and Maruja A. Oswald-Moore will be permanently lost if the recipient does not move to intervene in the action within thirty days of such notification but merely stated that "third-party rights shall abate." This was insufficient.
THIM, J.