FLORIE LOMBARDI *v.* ZARAGON
HOLDINGS, INC., ET AL.

Superior Court, Judicial District of New Haven
File No. CV-05-5000446S

Memorandum filed November 29, 2005

*Kennedy, Johnson, D'Elia & Gillooly*, for the plaintiff.

*Law Offices of Cynthia M. Garraty & Associates*, for the named defendant et al.

*Maher & Williams*, for Rostra Tool Company.

*William Blyce & Son*, pro se, defendant.

BLUE, J. The motion to intervene now before the court requires construction of General Statutes § 31-293 (a), which requires that employees bringing actions for certain injuries "immediately notify" their employers of their lawsuits. The question presented is whether a notice delivered to the employer that incorrectly states the employer's name satisfies the statutory requirement just quoted in the absence of evidence that the employer was misled or otherwise prejudiced by the misnomer. For the reasons briefly stated, the answer to this question is in the affirmative.

In 2003, the plaintiff, Florie Lombardi, was an employee of a corporation named Rostra Tool Company (Rostra Tool). Rostra Tool does business on premises owned by the defendant Zaragon Holdings, Inc. (Zaragon), located at 30 East Industrial Road in Branford. On April 8, 2003, Lombardi slipped and fell in the company's parking lot, suffering certain injuries. She commenced the present action, alleging negligence, by service of process in March, 2005.

On April 21, 2005, Lombardi mailed the notification that is the focus of the present motion. The notification properly states that Lombardi has commenced her action against Zaragon, and—putting to one side the misnomer about to be discussed—amply meets the requirements of § 31-293 (a), as construed by *Worsham* v. *Greifenberger*, 242 Conn. 432, 698 A.2d 867 (1997).

Unhappily, the notification is addressed to "Rostra Technologies, Inc." The notification was, however, sent to 30 Industrial Road in Branford and was received by Rostra Tool at that address on April 25, 2005. (A copy of the receipt for the certified mail is contained in the file.)

On October 11, 2005, Rostra Tool filed the motion to intervene now before the court. On October 14, 2005, Lombardi filed an objection, citing the requirement of § 31-293 (a) that an employer must join as a party plaintiff "within thirty days after such notification . . . ." General Statutes § 31-293 (a). The matter was argued on November 28, 2005.

Neither party requested an evidentiary hearing. The parties did, however, stipulate at the hearing that a separate corporation entitled "Rostra Technologies, Incorporated" exists, but in the state of North Carolina. Documentary evidence was further introduced that in 2003 and 2004, Rostra Tool's insurance company, Royal & Sun Alliance, filed voluntary agreements with the workers' compensation commission identifying Lombardi's employer as "Rostra Technologies Inc."

Rostra Tool does not contest the fact that its motion to intervene was filed more than thirty days after the notification in question. It contends, however, that "notification" within the meaning of § 31-293 (a) was not given in the first place because the notification here was addressed to "Rostra Technologies, Inc." There is, however, no evidence that Rostra Tool was in any way misled or prejudiced by this misnomer. Rostra Tool

was given the opportunity to present such evidence but declined to do so.

Modern Connecticut law disfavors penalties grounded on misnomers not resulting in prejudice. A well known example of this approach is General Statutes § 52-123, which provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." See *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 396, 655 A.2d 759 (1995).

Section 52-123 is not itself applicable to the present case because it concerns misdescriptions in original writs, summons or complaints; see id., 397; and the descriptions of the parties in the pleadings here are unproblematic. Our Supreme Court has, however, adopted a similar approach to § 31-293 (a). In *Worsham*, the court held that § 31-293 (a) was to be construed to comport with the well known notice requirement of *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950). *Mullane* holds that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity [to be heard]." Id., 314; see *Worsham* v. *Greifenberger*, supra, 242 Conn. 440.

Using *Mullane* as a guide to the construction of § 31-293 (a), the notification requirements of that statute were plainly satisfied here. The notification described Lombardi's employment and her action. It was received by Rostra Tool at its place of business. There is no evidence that Rostra Tool was in any way prejudiced or misled by the fact that the notification was addressed

to "Rostra Technologies, Inc." Under all of the circumstances, the notification was reasonably calculated to apprise Rostra Tool of the pendency of the action and afford it an opportunity to be heard. Rostra Tool conceded at the hearing that the requirements of due process have been satisfied here. Section 31-293 (a) demands no more.

Because Lombardi's notification was valid and Rostra Tool's motion to intervene as coplaintiff does not satisfy the time requirements of § 31-293 (a), the motion must be denied.