## CHARLES NICHOLS v. THE LIGHTHOUSE RESTAURANT, INC., ET AL.
### (SC 15799)

Norcott, Katz, Palmer, McDonald and Peters, Js.

Argued March 25—officially released August 4, 1998

*James D. Moran, Jr.*, with whom was *James L. Sullivan*, for the appellant (intervening plaintiff).

*John B. Farley*, with whom, on the brief, was *Michael S. Taylor*, for the appellees (defendants).

PALMER, J. Under General Statutes § 31-293 (a),[1] an employer who has paid workers' compensation benefits to an employee for injuries sustained by the employee

[1] General Statutes § 31-293 provides in relevant part: "Liability of third persons to employer and employee. . . . (a) When any injury for which compensation is payable under the provisions of [the Workers' Compensation Act] has been sustained under circumstances creating in a person other than an employer who has complied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury; and any employer or the custodian of the Second Injury Fund, having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. *If the employee, the employer or the custodian of the Second Injury Fund brings an action against such person, he shall immediately notify the others, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate.* . . . The bringing of any action shall not constitute notice to the employer within the meaning of this section. If the employer and the employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting the recovery. The rendition of a judgment in favor of the employee or the employer against the party shall not terminate the employer's obligation to make further compensation which the commissioner thereafter deems payable to the injured employee. If the damages, after deducting the employee's expenses as provided in this subsection, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. No compromise with the person by either the employer or the employee shall be binding upon or affect the rights of the other, unless assented to by him. For the purposes of this section, the claim of the employer shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present

as a result of the tortious conduct of a third party may seek reimbursement for those payments by intervening in the employee's action against the tortfeasor within thirty days of receipt of formal notice of the employee's action. The sole issue presented by this certified appeal is whether a statute of limitations defense may be raised against an employer who, under § 31-293 (a), intervenes in an employee's timely filed action against the tortfeasor within the thirty day period but after the expiration of the applicable statute of limitations. The Appellate Court concluded that an employer's timely intervention under § 31-293 (a) does not extend or toll the applicable statute of limitations. *Nichols* v. *Lighthouse Restaurant, Inc.*, 46 Conn. App. 712, 718, 700 A.2d 114 (1997). We disagree and, consequently, we reverse the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the relevant undisputed facts and procedural history. "The plaintiff, Charles Nichols, commenced this negligence action on August 4, 1993, after he sustained injuries in a fall on August 20, 1991, while he was at [a] restaurant [operated by the named defendant] The Lighthouse Restaurant, Inc.[2] On September 1, 1993, the plaintiff's employer, Henkels and McCoy [(Henkels)], intervened as a plaintiff seeking reimbursement for sums it had paid to the plaintiff under the Workers' Compensation Act, General Statutes § 31-275 et seq. The [named defendant] moved for summary judgment on the intervening complaint, arguing that the two year statute of limitations applicable to negligence causes of action under General Statutes § 52-584[3] barred the intervening complaint. The trial court granted the motion for summary

worth of any probable future payments which he has by award become obligated to pay on account of the injury. . . ." (Emphasis added.)

[2] Francis Cocchia, the owner of the restaurant, also is a defendant in this action.

[3] General Statutes § 52-584 provides in relevant part: "Limitation of action for injury to person or property. No action to recover damages for injury

judgment in favor of the [named defendant] and the intervening plaintiff appealed." *Nichols* v. *Lighthouse Restaurant, Inc.*, supra, 46 Conn. App. 713–14.

In reviewing the applicable statutory scheme, the Appellate Court discerned "nothing in the Workers' Compensation Act that purports to extend or toll the statute of limitations." Id., 718. The Appellate Court reasoned that "[a]n employer's rights against a third party tortfeasor are derivative only in the sense that the right of the employer depends upon the employee's right to the extent that [the employer] has no cause of action unless the employee . . . has a cause of action . . . ." (Internal quotation marks omitted.) Id., 717. Observing that an employer has the right, under § 31-293 (a), either to file a lawsuit or to intervene in an employee action, the Appellate Court stated that, "[s]ince the employer has the option to file a lawsuit at any time during the two year statute of limitations period and may do so *before* the employee takes any legal action, it would be illogical to hold that the employer's rights flow out of, or are contingent on, the time at which the employee commences the litigation." (Emphasis in original.) Id. Quoting from *Packtor* v. *Seppala & AHO Construction Co.*, 33 Conn. App. 422, 431, 636 A.2d 383, appeal dismissed, 231 Conn. 367, 650 A.2d 534 (1994), the Appellate Court concluded that, "[s]ince an intervening employer's statutory right to reimbursement depends on the liability of the third party to the employee, the statute of limitations applicable to the employer's right of action must be the same as that governing the employee's underlying action against the tortfeasor."[4] (Internal quotation marks omitted.) *Nichols* v. *Lighthouse Restaurant, Inc.*, supra, 46 Conn. App.

to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ."

[4] In *Packtor* v. *Seppala & AHO Construction Co.*, supra, 33 Conn. App. 422, the third party action initiated by the employee, in which the employer

717. On the basis of this reasoning, the Appellate Court, with one judge dissenting,[5] affirmed the judgment of the trial court. Id., 718. This certified appeal followed.[6]

On appeal, Henkels contends that the Appellate Court improperly concluded that, although Henkels had intervened in compliance with the provisions of § 31-293 (a), the tortfeasor nevertheless could raise a statute of limitations defense to bar Henkels' cause of action for reimbursement. In support of its claim, Henkels argues, first, that because § 31-293 (a) mandates intervention within thirty days of notice but is silent with respect to compliance with the statute of limitations applicable to the underlying cause of action, the legislature did not intend to require compliance with the statutory time limit. It contends, moreover, that since an intervening employer's right to reimbursement is derivative of the right of its employee to seek damages from a third party, the purposes served by statutes of limitation are fully satisfied by the timely filing of the employee's complaint. Furthermore, Henkels argues that the statutory interpretation that it urges advances the public policy of preventing an injured employee from receiving double compensation for his or her injuries. Finally, Henkels asserts that requiring an employer to file within the limitations period applicable to the underlying cause

---

had intervened, was itself time barred by the applicable statute of limitations. The *Packtor* court, however, expressly stated that it had not based its decision on the fact that the employee had failed to file his action within the applicable limitation period, but, instead, on the employer's failure to file a claim within that period. Id., 430–31.

[5] See *Nichols* v. *Lighthouse Restaurant, Inc.*, supra, 46 Conn. App. 718–20 (*Spallone, J.*, dissenting).

[6] We granted certification in this case limited to the following question: "Did the Appellate Court properly conclude that a statute of limitation defense may successfully be raised against an employer who has intervened, pursuant to General Statutes § 31-293, in a cause of action that had been brought within the statutory time limitation by the originating employee-plaintiff?" *Nichols* v. *Lighthouse Restaurant, Inc.*, 243 Conn. 938, 939, 702 A.2d 643 (1997).

of action reasonably could not have been within the contemplation of the legislature because, under certain factual scenarios, it would be impossible for an employer either to file a direct claim or to intervene in a timely manner.

The defendants counter that the thirty day intervention period under § 31-293 (a) and the two year statute of limitations for negligence actions under § 52-584 establish two mutually independent requirements, each of which must be satisfied by an intervening employer if that employer is to share in the employee's recovery against a third party tortfeasor. They also argue that, because Henkels received notice of the plaintiff's injuries within one year of their occurrence and, consequently, had the opportunity to file a direct action against the tortfeasor,[7] Henkels cannot object to the assertion of a statute of limitations defense. Finally, the defendants claim that even in those cases in which it may be impossible for an employer to file an action against the tortfeasor within the applicable statute of limitations, notwithstanding compliance with the thirty day requirement of § 31-293 (a), a recent amendment to subsection (a) of § 31-293; Public Acts 1993, No. 93-228, § 7 (P.A. 93-228, § 7);[8] which grants to an employer a

---

[7] Henkels conceded at oral argument that the notice of the plaintiff's claim it had received was sufficient to allow it to bring its own action against the defendants within the applicable two year limitation period.

[8] Public Act 93-228, § 7, which took effect on July 1, 1993, amended subsection (a) of § 31-293 by adding the following relevant language: "Each employee who brings an action against a third-party in accordance with the provisions of this subsection shall include in his complaint (A) the amount of any compensation paid by the employer on account of the injury which is the subject of the suit and (B) the amount equal to the present worth of any probable future payments which the [employer] has, by award, become obligated to pay on account of the injury. Notwithstanding the provisions of this subsection, when any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury and the injured employee has received compensation

lien on the employee's judgment against the tortfeasor, renders Henkels' "impossibility" argument moot. We agree with the arguments espoused by Henkels.

"The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384 [now Practice Book § 17-49]." *Peerless Ins. Co.* v. *Gonzalez*, 241 Conn. 476, 481, 697 A.2d 680 (1997). Because the sole question presented by this case involves the proper application of § 31-293 (a) to an undisputed factual scenario, our review is plenary. *Charles* v. *Charles*, 243 Conn. 255, 258, 701 A.2d 650 (1997), cert. denied, 523 U.S. 1136, 118 S. Ct. 1838, 140 L. Ed. 2d 1089 (1998).

We begin with a brief overview of § 31-293 (a), which provides that when an employee has become injured and is entitled to seek damages from a third party, an employer who has paid or has become obligated to pay workers' compensation benefits to that employee may seek reimbursement from the third party in one of two ways. First, the employer may bring an action directly against the tortfeasor. Second, it may join an action commenced by the employee. If either an employer or an employee commences an action against the tortfeasor, that party must notify the other that the action has been filed and must provide the other with the name

---

for the injury from his employer or its workers' compensation insurance carrier pursuant to the provisions of this chapter, the employer or insurance carrier shall have a lien upon any judgment received by the employee against the third party or any settlement received by the employee from the third party, provided the employer or insurance carrier shall give written notice of the lien to the third party prior to such judgment or settlement."

Public Acts 1996, No. 96-65, § 2, made technical revisions to the language of § 31-293 (a) that are not relevant to this appeal.

of the court to which the action is returnable. Upon receipt of proper notice, an employer or employee has thirty days within which to join the action; failure to do so results in the abatement of that party's right of action.

We have previously identified "four overlapping principles that inform the rights established by § 31-293 (a). First, the statute protects an injured employee by allowing the employee to sue a third party tortfeasor in a private cause of action for damages, such as pain and suffering, that are uncompensated by a workers' compensation award. *Skitromo* v. *Meriden Yellow Cab Co.*, 204 Conn. 485, 488, 528 A.2d 826 (1987). Second, the statute protects an employer by allowing the employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor, either by becoming an intervening plaintiff in the employee's cause of action or by bringing a separate action derivative of the employee's cause of action. Id. Third, the employer's statutory right to subrogation of the proceeds of the employee's claim against the tortfeasor implements the public policy of preventing double recovery by an injured employee. *Enquist* v. *General Datacom*, 218 Conn. 19, 26, 587 A.2d 1029 (1991). Fourth, the employer's statutory right to reimbursement reenforces the public policy that, between the employer and the employee, workers' compensation provides the exclusive remedy for personal injury to the employee. *Bouley* v. *Norwich*, 222 Conn. 744, 755–56, 610 A.2d 1245 (1992); *Sgueglia* v. *Milne Construction Co.*, 212 Conn. 427, 433, 562 A.2d 505 (1989)." *Durniak* v. *August Winter & Sons, Inc.*, 222 Conn. 775, 779–80, 610 A.2d 1277 (1992).

Because "an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from § 31-293 (a)"; (internal

quotation marks omitted) *Libby* v. *Goodwin Pontiac-GMC Truck, Inc.*, 241 Conn. 170, 177, 695 A.2d 1036 (1997); we employ well established principles of statutory construction to resolve the issue presented by this case. In interpreting a statute, "[o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . In applying these principles, we are mindful that the legislature is presumed to have intended a just and rational result." (Citations omitted; internal quotation marks omitted.) *Duni* v. *United Technologies Corp.*, 239 Conn. 19, 24, 682 A.2d 99 (1996).

The language of § 31-293 (a) does not illuminate our inquiry into whether notice to an employer of an employee action tolls the statute of limitations applicable to the employee's claim, in this case § 52-584. Moreover, no legislative history is available to aid us in our analysis.[9] Nevertheless, several considerations persuade us that, under the statutory scheme governing workers' compensation, an intervening employer's compliance with § 31-293 (a) tolls the statute of limitations if an employee had timely filed a claim against a third party tortfeasor.

First, an intervening employer's right to reimbursement under § 31-293 (a) is, in essence, derivative of its injured employee's cause of action. Thus, in circumstances where, as here, the employee already has filed

---

[9] The notice and intervention provisions were incorporated by amendment into the precursor to § 31-293 in 1915. See Public Acts 1915, ch. 288, § 2. Neither our research nor that of the parties has revealed any legislative history pertaining to this amendment.

a timely action against the third party tortfeasor, no significant purpose would be served by requiring the employer to intervene within the period of the applicable statute of limitations. We previously have recognized that "one of the purposes of a statute of limitations is to protect a defendant from finding himself [or herself] in a situation where, because of the lapse of time, [the defendant] is unable to gather facts, evidence, and witnesses necessary to afford [the defendant] a fair defense." *Zapata* v. *Burns*, 207 Conn. 496, 509, 542 A.2d 700 (1988). Moreover, we have observed that "a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford." *Gurliacci* v. *Mayer*, 218 Conn. 531, 547, 590 A.2d 914 (1991).

In this case, the plaintiff's action, which was filed within the applicable two year limitation period for negligence claims, placed the defendants on timely notice of the material facts that gave rise to the plaintiff's claim. Henkels' complaint repeats all the allegations of the plaintiff's complaint, along with the following additional allegations: (1) the plaintiff was an employee of Henkels; (2) he was injured in the course of his employment; and (3) Henkels was obligated to pay workers' compensation benefits to him. Because none of these additional allegations raises issues of fact or law necessary to the defendants' preparation of their defense to the employee's claim, the defendants, by virtue of the plaintiff's timely filed complaint, were "provided with all the notice that statutes of limitations are intended to afford."[10] Id. It is significant, moreover, that

---

[10] We note that this reasoning accords with that of courts in other jurisdictions and with relevant scholarly commentary. See, e.g., *Dierks* v. *Alaska Air Transport, Inc.*, 109 F. Sup. 695, 697 (D.C. Alaska 1953) ("Since the basis of [the] right to proceed against the tort feasor is the cause of action of the employee, it follows that the same defenses are available against the intervenor as against the plaintiff, with the right of recovery depending on

the statutory construction advanced by Henkels would toll the statute of limitations for, at most, thirty days.

Furthermore, as Judge Spallone explained in his dissent from the decision of the Appellate Court; see footnote 5 of this opinion; the argument advanced by the defendants is contrary to the public policy against double recovery by an employee under our workers' compensation statutes; see, e.g., *Durniak* v. *August Winter & Sons, Inc.*, supra, 222 Conn. 779–80; "because it places the control of the employer's recovery in the hands of the employee. As in this case, an employee could wait until the last days before being time barred from commencing an action to give timely notice to the employer [thereby rendering] the employer's timely intervention . . . impossible. The employee could deliberately, by filing at the last moment, bar any recovery by the employer and gain double recovery." *Nichols* v. *Lighthouse Restaurant, Inc.*, supra, 46 Conn. App. 720 (*Spallone, J.*, dissenting). In such circumstances,

essentially the same proof. . . . Since the plaintiff [employee] and intervenor [insurance carrier] in the case at bar are pressing what is in essence a single cause of action, although their interests are several, I am constrained to hold that the timely filing by [the] plaintiff of his [workers' compensation] claim inures to the benefit of the intervenor."); *Allstate Ins. Co.* v. *Theriot*, 376 So. 2d 950, 954 (La. 1979) (where employer timely filed action for workers' compensation reimbursement and employee intervened after statute of limitations had expired, limitations period did not bar employee's claim because defendant had timely notice of plaintiffs' claim of liability, same facts applied to both actions and plaintiffs shared common interest); *Guillot* v. *Hix*, 838 S.W.2d 230, 235 (Tex. 1992) ("[i]f an employee brings an action against the third party within two years of the date that action accrues, then the running of the statute is tolled as to the [insurer], and the [insurer] may intervene in that action at any time"); 7 A. Larson & L. Larson, Workmen's Compensation (1997) § 75.33, pp. 14-693 through 14-694 ("[i]t is almost uniformly held that intervention is permissible even after the statute of limitations has run, if the action intervened in was itself timely brought, whether the intervention is by the insurer in the employee's suit, or by the employee in the insurer's suit"); but see *Hartford Accident & Indemnity Co.* v. *Rigdon*, 418 F. Sup. 540, 542 (S.D. Ala. 1976) (employee who did not timely file direct suit may not intervene in employer's timely suit).

the purpose of the thirty day intervention period would be thwarted to the detriment of the employer, an unjust result that could not rationally have been intended by the legislature. See *Duni* v. *United Technologies Corp./ Pratt & Whitney Aircraft Division*, supra, 239 Conn. 24 (presumption that legislature intends just and rational results). Moreover, the strong public policy against double recovery outweighs any remote possibility of prejudice to a third party tortfeasor that could arise from a thirty day tolling of the applicable statute of limitations.

The defendants contend that we should disregard the "impossibility" scenarios because, by virtue of a 1993 amendment to § 31-293 (a); P.A. 93-228, § 7;[11] an employer is entitled to a lien against the proceeds of any judgment or settlement obtained against a third party tortfeasor, thereby obviating the need for an employer suit. Henkels maintains, however, that the protections afforded by intervention under § 31-293 (a) exceed those provided by the lien. In particular, it argues that the statutory lien protects only its right to reimbursement for benefits paid or for which an employer has become obligated to pay up to the time of judgment or settlement, but does not necessarily safeguard the employer's right to reimbursement for payments of future benefits that are unknown at the time of judgment or settlement.

Although we concluded in *Enquist* v. *General Datacom*, supra, 218 Conn. 26, that an employer who has intervened properly in an employee's third party action pursuant to § 31-293 (a) was entitled to "a credit for unknown future benefits against the net proceeds of a third party recovery," we have not yet considered whether the statutory lien created by the 1993 amendment to § 31-293 (a) applies to unknown future benefits.[12] Even if we were to accept the defendants'

---

[11] See footnote 8 of this opinion.

[12] This issue, moreover, was not addressed by the parties in sufficient depth to enable us to resolve it properly.

argument regarding the significance of the lien option to our construction of § 31-293 (a), we nevertheless would conclude, for the reasons already stated, that the legislature, under the pre-1993 version of § 31-293 (a), intended the thirty day intervention period to toll the applicable statute of limitations. The parties have presented nothing, in the pertinent legislative history or elsewhere, to indicate that the legislature, in granting an employer a statutory lien under § 31-293 (a), intended for that lien to be anything more or less than an additional option available to the employer for obtaining reimbursement from a third party tortfeasor for workers' compensation payments. Accordingly, the fact that an employer now is entitled to a lien on its employee's judgment is not persuasive evidence of the intent of the legislature to effect a change in the operation of the thirty day provision of § 31-293 (a).

The defendants also urge us to reject Henkels' argument regarding the impossibility of recovery by an employer, in certain circumstances, under the defendants' construction of § 31-293 (a), because, in this case, Henkels had notice of the plaintiff's action against the defendants prior to the expiration of the two year statute of limitations period. Although there is no dispute that Henkels could have filed a direct action against the defendants within the applicable time period; see footnote 7 of this opinion; we are mindful that § 31-293 (a) applies not just to this case, but to a multitude of other factual scenarios. Consequently, in attempting to discern the intent of the legislature, we cannot ignore other scenarios that, because they are likely to arise, presumably were within the contemplation of the legislature.[13]

---

[13] The defendants claim that the obvious purpose of § 31-293 (a) is to ensure that any parties with an interest in any pending action against the third party tortfeasor shall receive prompt notice of that action so that they can participate therein. We do not disagree with this assertion. We, however, fail to see how that purpose is in any way inconsistent with the construction of § 31-293 (a) that we adopt today.

For the foregoing reasons, we conclude that when an employer receives formal notice under § 31-293 (a) of an employee's timely filed action against a third party tortfeasor, the applicable statute of limitations on the underlying claim is tolled if the employer intervenes within the thirty day period prescribed by § 31-293 (a). Thus, because Henkels intervened in the plaintiff's action in a timely manner, the trial court improperly rendered summary judgment for the defendants.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court with direction to reverse its judgment and for further proceedings.

In this opinion the other justices concurred.