[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO INTERVENE
The plaintiff, Joseph Rusinik, has brought a three-count action against the defendants, Willie Bendolph (hereinafter "Bendolph") and Guaranteed Overnight Delivery, Inc (hereinafter "GOD"). The plaintiff, an employee of GOD, alleges that he was injured after being negligently struck and assaulted by a fellow employee, Bendolph. The plaintiff also alleges that GOD was negligent for this attack in a number of ways.
The defendant GOD has now moved; pursuant to § 31-293 of the Worker's Compensation Act, to intervene as party plaintiff in the CT Page 11488 above action on the ground that, by virtue of the worker's compensation act, it may become obligated to pay sums to and on behalf of the plaintiff. The plaintiff has filed an objection to the motion to intervene in which he argues that GOD cannot join as party plaintiff because GOD has not paid any worker's compensation benefits to the plaintiff and is thus outside the statute. In the alternative, the plaintiff argues that GOD's motion to intervene is outside the two year statute of limitations for bringing an action.
For the reasons set forth below, the court grants the motion to intervene and overrules the plaintiff's objection.
The plaintiff's first argument as to why GOD should not intervene centers on language in § 31-293 that provides that an employer may intervene if he has paid or has become obligated to pay compensation.[1] Since GOD is challenging the plaintiff's worker's compensation claim, the plaintiff argues that GOD cannot intervene as he has neither paid, nor yet become obligated to pay any compensation award.
The plaintiff's argument does not bar GOD from intervening here. First, § 31-293 provides that "[i]n any case in which an employee brings an action against a [third party] . . . and the employer is a party defendant in the action, the employer may join as a party plaintiff in the action." This provision of §31-293 is clear and unambiguous and the court reads it apart from the language in the statute allowing an employer to bring a separate action against the third party in the event that an employer has paid or become obligated to pay compensation. In the present case, GOD is a party defendant and, accordingly, should be allowed to intervene even if it has yet to settle a worker's compensation claim with the plaintiff.
The intervention of GOD will not prejudice the plaintiff at this time. In the event that the worker's compensation claim is ultimately denied, GOD will not be able to recover any apportioned share of recovery from the third party as it will have no valid claim. However, if GOD ultimately does confer worker's compensation benefits to the plaintiff, its present intervention would guarantee GOD's statutory right to recover benefits paid the plaintiff when and if the plaintiff recovers from the third party.
In the alternative, the plaintiff argues that GOD may not CT Page 11489 intervene in the underlying action because such an intervention would be untimely in regards to the statute of limitations for bringing an action. This argument is without merit.
As recently stated by the Supreme Court in Nichols v. TheLighthouse Restaurant, Inc., 246 Conn. 156, 165, 716 A.2d 71
(1998); an intervening employer's right to reimbursement is derivative of its injured employee's cause of action. "Thus, in circumstances where, as here, the employee already has filed a timely action against the third party tortfeasor, no significant purpose is served by requiring the employer to intervene within the applicable statutes of limitations." Id., 165.
The sole time requirement that the employer must follow, therefore, is the requirement of intervening within thirty days of receiving notice. As the plaintiff has failed to provide notice to the employer, the thirty days has yet to run. The motion to intervene accordingly, is timely.
The court grants GOD's motion to intervene.
GROGINS, J.