[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANT GEORGE LAWLER
The motion for summary judgment before this court raises the issue of the effect on the liability of a purported partner when a plaintiff has released another purported partner from liability on a claim.
Plaintiff Linda Palmer sued John Claydon, an attorney, for legal malpractice in connection with his legal services in several land transactions. The plaintiff alleges that defendant Lawler was a partner of Claydon in a law practice. She alleges no participation by Lawler in any of the services claimed to have constituted malpractice, nor does she allege that Lawler provided any services at all to her. Her sole allegation against him is that he was a purported partner of Claydon and as such is statutorily liable for any malpractice by Claydon. The plaintiff did not sue the alleged partnership, but only those whom she alleges were represented to be partners in it. The plaintiff also sued other parties not alleged to be partners in the partnership; however, the claims against these parties are not at issue in the CT Page 13243 motion before this court.
In his motion for summary judgment, Lawler claims that (1) he is not liable for Claydon's actions because he was not Claydon's partner and never held himself out to be Claydon's partner; and (2) assuming that Lawler held himself out as Claydon's partner, the plaintiff's release of claims against Claydon and withdrawal of her claims against Claydon on November 18, 1997 discharged Lawler's liability under Conn. Gen. Stat. § 34-329(a).
Standard of Review
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384 [now § 17-49]. Peerless Ins. Co. v. Gonzalez,241 Conn. 476, 481, 697 A.2d 71 (1997)." Nichols v. LighthouseRestaurant, Inc., 246 Conn. 156, 163, 716 A.2d 71 (1998).
It is well settled that a party seeking summary judgment has the burden of showing what the undisputed material facts are, and that the facts entitle the movant to judgment as a matter of law.Alvarez v. New Haven Register, Inc., supra, 249 Conn. 714;Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481 (1997). Doty v.Mucci, 238 Conn. 800, 805-806 (1996); Miller v. United Technologies Corp., 233 Conn. 732, 751-52 (1995); Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 105 (1994); D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980). The issue is whether a party would be entitled to a directed verdict on the same facts. Connell v. Colwell, 214 Conn. 242, 246-47
(1990).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Doty v. Miller, supra, 238 Conn. 805.
Status as a partner
In his motion for summary judgment, Lawler asserts as a first ground that he was not a law partner of Claydon and did not hold himself out to be. He has filed an affidavit in which he states that he and Claydon were never partners but that they shared space and expenses. He states in his affidavit that he and Claydon "never shared clients, nor employed each other to CT Page 13244 represent our clients" and did not commingle their funds received from the practice of law nor share profits or losses from the practice of law. The plaintiff has countered these assertions with an affidavit in which she asserts that the two attorneys held themselves out to be a partnership by identifying their practice as "Claydon Lawler" on a sign at their law office and on their stationery and in their telephone directory listing. She further avers that Claydon introduced Lawler to her as his law partner; and that Lawler, in a telephone conversation with her, identified himself as Claydon's law partner. The plaintiff further avers in her affidavit that she relied on the status of the entity as a partnership:
 "I relied upon Attorney Claydon's and Attorney Lawler's representations that they did business as a law partnership. I believed that I would have the benefits of working with a partnership, including adequate resources and legal coverage for the real estate transactions."
(Affidavit of Linda Palmer, 7/23/99, para. 10).
She furthers avers that in releasing her claims against Claydon she had no intent to release Lawler. (Affidavit, para. 12). Richard Coan, the trustee in bankruptcy for the estate of the plaintiff Linda Palmer also filed an affidavit in which he stated that he released Claydon from the claims against him in this action but "[I]n releasing Claydon, I did not release or intend to release defendant George J. Lawler from any liability arising out of the claims against him in the above-captioned action." (Affidavit of Richard Coan, July 16, 1999, para. 5).
Basis of liability
The movant states in his motion that "[t]he only way in which the plaintiff can hold Lawler liable in this action is if she can prevail that there was a partnership between Lawler and Claydon." (Brief, p. 3). The court does not agree with this statement. While the plaintiff does not, in her submissions, allege that there was an actual partnership, she alleges that Claydon and Lawler held themselves out as partners and that she relied on that representation.
Pursuant to Conn. Gen. Stat. § 34-329(a), a party who purports, by words or conduct, to be a partner or consents to being represented by another as a partner in a partnership is CT Page 13245 liable to persons who rely on the representation in entering "into a transaction with the actual or purported partnership" either to the same extent as a partner for partnership liability or "jointly and severally" with any other person consenting to the representation that a partnership existed, depending on the situation:
 § 34-329(a) If a person, by words or conduct, purports to be a partner or consents to being represented by another as a partner, in partnership or with one or more persons not partners, the purported partner is liable to a person to whom the representation is made, if that person, relying on the representation, enters into a transaction with the actual or purported partnership. If the representation, either by the purported partner or by a person with the purported partner's consent, is made in a public manner, the purported partner is liable to a person who relies upon the purported partnership even if the purported partner is not award of being held out as a partner to the claimant. If partnership liability results, the purported partner is liable with respect to that liability as if the purported partner were a partner. If no partnership liability results, the purported partner is liable with respect to that liability jointly and severally with any other person consenting to the representation.
The affidavits submitted plainly establish that there are disputed issues of material fact concerning a) whether defendant Lawler held himself out as a participant in a partnership or allowed that impression to be created by defendant Claydon and b) whether the plaintiff relied on the representation that a partnership existed. The existence of these disputed issues of material fact preclude summary judgment on the first ground raised by the movant.
The movant has failed to establish entitlement to summary judgment on this ground, however, he asserts a separate and distinct ground based on the plaintiff's release of Claydon.
Effect of release of Claydon
The movant claims that even if he is assumed to have held himself out as a partner of Claydon, the release and withdrawal of the plaintiff's claims against Claydon serves to release him from liability. CT Page 13246
The plaintiff does not dispute that she released defendant Claydon from her claims of legal malpractice. Specifically, she has filed an affidavit signed by Richard Coan, the trustee in bankruptcy for her estate, in which the trustee avers that he signed the release of the plaintiff's claims against defendant Claydon. The text of the operative part of that release is as follows:
 Richard Coan, solely in his capacity as the trustee in bankruptcy for the estate of Linda A. Palmer (hereinafter referred to as the "Releasor"), for valuable consideration, has remised, released and forever discharged, and by these presents does for the Releasor . . . remise, release and forever discharge John M. Claydon, Jr. (hereinafter referred to as the "Releasee") and the Releasee's successors, heirs and assigns of and from all manner of action . . . of and from any claims which were or could have been raised in Palmer v. Claydon, et al., Judicial District of Fairfield at Bridgeport, Docket No. CV-9-0281046S.
The plaintiff asserts that the release of Claydon does not operate to end Lawler's liability because the release does not name Lawler as having been released. The plaintiff cites cases in which the Connecticut Supreme Court ruled that the scope of a release and the parties released is to be determined by the text of the release and the intent of the parties to the release agreement. Donner v. Kearse, 234 Conn. 660, 674 (1995); Sims v.Honda Motor Co., Ltd., 225 Conn. 401, 417 (1993).
The cases relied on by the plaintiff, however, involve the effect of releases in a situation in which there are alleged joint tortfeasors, multiple persons who are alleged to have committed torts against the plaintiff. In both Donner v. Kearse, supra, and Sims v. Honda Motor Co., Ltd., supra, the Supreme Court was considering the application of a statute that governs the effect of a release of a joint tortfeasor, Conn. Gen. Stat. § 52-572e. Subsection (b) of that statute provides that "[a] release by the injured person, or his legal representative, of one joint tortfeasor does not discharge the other tortfeasors unless, and only to the extent, the release so provides."
At common law, a release of one party who is jointly liable to a plaintiff releases the other. Alvarez v. New Haven Register,Inc., 249 Conn. 709, 725 (1999) (Peters, J., concurring). This common law rule was altered by statute for those situations CT Page 13247 defined in Conn. Gen. Stat. § 52-572e. Specifically, that statute provides that release of a joint tortfeasor does not discharge other tortfeasors. "Joint tortfeasor" is defined in § 52-572e as "two or more persons jointly and severally liable in tort for the same injury to person or property."
The plaintiff in this case has not alleged that Lawler is tortfeasor. The allegations of her complaint contain no claim that he performed any legal services on her behalf rather, the basis for asserting that he is liable for the alleged malpractice of Claydon is that Lawler was held out to be Claydon's partner and is therefore liable not by virtue of being a joint tortfeasor, but by operation of Conn. Gen. Stat. § 34-329a, which makes a person who has knowingly been purported to be a partner liable to one who relied on the existence of a partnership in entering into a transaction with the purported partnership.
Where a party derives liability for the acts of another not by joint tortfeasor status but from some other source of law, the Connecticut Supreme Court has determined that the common law, not the provisions of Conn. Gen. Stat. § 52-572e, applies. Recently, in Alvarez v. New Haven Register, Inc., supra,249 Conn. 709, the Court considered whether the defendant employer, which was alleged to be vicariously liable for the tort of its employee under the doctrine of respondeat superior, was released from liability when the plaintiff released the employee. The text of the release in Alvarez did not, by its terms, release the New Haven Register, Inc. from liability. Alvarez, supra,249 Conn. 711 n. 4.
The Supreme Court did not find the text of the release dispositive, noting that, unlike the situation in Sims v. HondaMotor Co., 225 Conn. 401 (1993), the defendants did not agree that they were properly characterized as joint tortfeasors.Alvarez v. New Haven Register, Inc., supra, 249 Conn. 714, n. 7. Instead, the Supreme Court concluded that § 52-572e did not apply and that it is a matter of common law whether a release operates to release one who is vicariously liable, regardless of the failure of the release explicitly to release that party. The Court decided that "the plaintiff's release of an agent's liability extinguishes the principal's vicarious liability."Alvarez v. New Haven Register, Inc., supra, 249 Conn. 724. The Court noted that its holding does not serve to discourage settlements, since a vicariously liable principal could simply CT Page 13248 implead the settled agent seeking indemnification, so that the agent's involvement in the claim would not, in fact, be concluded by the plaintiff's release anyway.
The Connecticut Supreme Court held in Alvarez, supra,249 Conn. 725, that "§ 52-572e does not apply to vicariously liable defendants" and that "the release of the agent removes the only basis for imputing liability to the principal." Similarly, in HydroAir of Connecticut, Inc. v. Versa Technologies, Inc.,99 F.R.D. 111, 113 (D.Conn. 1983), the federal district court (Eginton, J.), found that the release of one corporation operated to release a related corporation against which a claim was asserted on the basis of imputing to it the bad faith of the released corporation.
The Connecticut Supreme Court cited with approval in Alvarezv. New Haven Register, Inc., supra, 249 Conn. 723-24, rulings from the many jurisdictions that have held that analogs to §52-572e do not alter the effect of a release in favor of a party only vicariously liable.
The movant in this case is not alleged to be a joint tortfeasor, that is, he is not alleged to have participated in anyway in the allegedly negligent representation of the plaintiff. The only source of liability asserted against him is vicarious liability imposed by operation of Conn. Gen. Stat. § 34-329a. While the source of alleged vicarious liability in this case is a statute rather than a common law doctrine, such as the doctrine of respondeat superior at issue in Alvarez v. NewHaven Register, supra, the reasoning of the Supreme Court inAlvarez is equally applicable to this statutory vicarious liability: "[v]icarious liability is based on a relationship between the parties, irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined as a matter of policy that one person should be liable for the act of the other. Its true basis is largely one of public or social policy under which it has been determined that, irrespective of fault, a party should be held to respond for the acts of another." Alvarez v. New Haven Register, Inc., supra,249 Conn. 720.
Vicarious liability for the torts arising from a transaction with an alleged partnership is imposed on purported partners as a matter of public policy reflected in a legislative enactment, Conn. Gen. Stat. § 34-329(a). Vicarious liability of an CT Page 13249 employer for the acts of an employee engaged in the activities of his employment instead arises under the common law doctrine of respondeat superior. The fact that the vicarious liability derives from a common law or a statutory source does not make a difference to the principle announced by the Supreme Court inAlvarez, that is, that § 52-572e is inapplicable. The Uniform Partnership Act, of which the provisions of § 34-329(a) are a part, do not include any specific limitations on the effect of a release of a purported tortfeasing partner.
Conn. Gen. Stat. § 34-329(a) provides that "[I]f partnership liability results, the purported partner is liable with respect to that liability as if the purported partner were a partner. If no partnership liability results, the purported partner is liable with respect to that liability jointly and severally with any other person consenting to the representation." The effect of this statute is not to make a purported partner "jointly and severally liable in tort" (emphasis supplied), the situation to which § 52-572e
applies, but statutorily jointly and severally liable for the tortfeasor's liability, just as the common law doctrine of respondeat superior makes a principal jointly and severally liable for the torts of an agent, the situation in Alvarez. As in the respondeat superior situation, in which the employer was not alleged to have itself committed a tort against the plaintiff, the movant in this case is not alleged to have committed a tort against the plaintiff. The statute imposes liability for the purported partner's torts, as the doctrine of respondeat superior imposes liability for the employee's torts, but it does not make the vicariously liable party liable in tort, but only by operation of an imposition of vicarious liability, imposed in the employer's case by common law and in the instant case by statute. The difference between a "joint tortfeasor" within the scope of § 52-572e and one who is vicariously liable, jointly and severally for the actions of the actual tortfeasor, is that the former status involves participation in the tort, and the latter does not, as the Supreme Court recognized in Alvarez, supra,249 Conn. 719-20. Where there is a single tortfeasor, § 520-572e does not apply. Id.
The same logic as the Supreme Court applied to the release of the tortfeasing employee in Alvarez applies to the release of Claydon: "when a plaintiff brings a claim against a principal based solely upon the tortious conduct of the agent, the plaintiff cannot recover any more compensatory damages from the CT Page 13250 principal than it could from the agent." Alvarez v. New HavenRegister, Inc., supra, 249 Conn. 722, citing 1 Restatement (Second), Agency § 217B (1958) and 2 Restatement (Second) § 359C(2).
In the absence of any express provision in the Uniform Partnership Act limiting the effect of releases of purported partners, the common law principles analyzed by the Connecticut Supreme Court in Alvarez v. New Haven Register, Inc., supra, apply. The release of Claydon, about which there is no genuine dispute of material fact, as a matter of law releases Lawler from the vicarious liability imposed on him by Conn. Gen. Stat. §34-329(a).
Conclusion
For the reasons stated above, the motion for summary judgment of defendant George J. Lawler is granted.
Beverly J. Hodgson Judge of the Superior Court