[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By motion filed on May 25, 1999, the defendant, Michael Gugliotti, moves to dismiss the complaint of the plaintiffs, Hine Brothers, Inc. (Hine Brothers) and Bankers Standard Insurance Company (Bankers), on the ground that the court lacks subject matter jurisdiction.
In the course of his employment with Hine Brothers, Glen Threlfall had an automobile accident with Gugliotti on March 18, 1996. (Complaint, ¶ 2.) Threlfall commenced an action against Gugliotti in the Superior Court of Litchfield on February 18, 1998. Hine Brothers paid Threlfall compensation pursuant to its workers compensation insurance policy with Bankers. (Complaint, ¶ 5.) Hine Brothers and Bankers allege that the "losses and damages sustained by Glen Threlfall, Hine Brothers, Inc. and Bankers Standard Insurance Company were due to the carelessness CT Page 13965 and negligence of the Defendant, Michael Gugliotti . . ." (Complaint, ¶ 6.)
Hine Brothers and Bankers commenced this action, pursuant to General Statutes § 31-293 (a), by complaint dated March 4, 1998 (Complaint, ¶ 4.) The plaintiffs "seek damages for amounts paid to [Threlfall], and for amounts which [the plaintiffs] may be required to pay in the future pursuant to the policy of workers' compensation insurance." (Complaint, ¶ 8.) Gugliotti filed an answer on November 20, 1998, denying the negligence claims of Hine Brothers and Bankers. (Answer, ¶¶ 2, 6.)
A motion to dismiss is the proper vehicle to assert a lack of subject matter jurisdiction. See Practice Book § 10-31(a) (1). "Jurisdiction of the subject-matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." Konover v. Town of West Hartford,242 Conn. 727, 740, 699 A.2d 158 (1997). "It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v.Town of Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court."Federal Deposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93,99, 680 A.2d 1321 (1996).
General Statutes § 31-293 (a) provides "[w]hen any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer who has complied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury; and any employer . . . having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such CT Page 13966 person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If the employee [or] the employer . . . brings an action against such person, he shall immediately notify the others . . . of the action and of the name of the court to which the writ is returnable, and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate." General Statutes § 31-293
(a).
General Statutes § 31-293 (a) provides that "if either the employer or the employee fails to join in an action instituted by the other against a tort feasor within thirty days after notification by that other, his cause of action is barred. These provisions clearly indicate that under the statute the employer and the employee each has a right of action which is separate from that of the other." Doucette v. Pomes,247 Conn. 442, 468, ___ A.2d ___ (1999).
In Nichols v. The Lighthouse Restaurant, Inc., 246 Conn. 156,163-64, 716 A.2d 71 (1998), the Connecticut Supreme Court examined an employer's options pursuant to § 31-293 (a). "First, the employer may bring an action directly against the tortfeasor. Second, it may join an action commenced by the employee. If either an employer or an employee commences an action against the tortfeasor, that party must notify the other that the action has been filed and must provide the other with the name of the court to which the action is returnable. Upon receipt of proper notice, an employer or employee has thirty days within which to join the action; failure to do so results in the abatement of that party's right of action." Id., 163-64. "The statute protects an employer by allowing the employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor, either by becoming an intervening plaintiff in the employee's cause of action or by bringing a separate action derivative of the employee's cause of action. Id., 164.
Gugliotti argues that Hine Brothers should have intervened as party plaintiff in the suit between its employee, Threlfall, and Gugliotti, within thirty days of receiving notice of the suit. Hine Brothers claims that it could commence an independent action against Gugliotti, regardless of whether it intervened in Threlfall's prior suit. CT Page 13967
Hine Brothers' right to bring an action against Gugliotti, the third-party tortfeasor, is derivative of its employee's right: Threlfall commenced his action against Gugliotti on February 18, 1998. The Nichols case and § 31-293 (a) mandate that if an employer does not intervene in a suit commenced by an employee against a third-party tortfeasor within thirty days, the employer's right of action will abate.
Gugliotti's motion to dismiss the complaint is granted because Hine Brothers did not intervene in Threlfall's suit within the statutorily prescribed period.
So Ordered.
THE COURT
WALTER M. PICKETT, JR., J.T.R.