[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF THIRD PARTY DEFENDANT NORWALK MARINE CONTRACTORS, INC.
Third party defendant Norwalk Marine Contractors, Inc. ("Norwalk Marine") has moved for summary judgment on the claims of third party plaintiff C.H. Nickerson Co., Inc., ("Nickerson") against it for contractual and common law indemnification in connection with its role as a subcontractor on a construction project. These third party claims arise from the claim by the plaintiff Town of West Haven against Nickerson for CT Page 66 property damage and other losses claimed to have resulted from the performance of work on the West Haven Waste Water Treatment Plant and Main Pumping Station pursuant to a contract between West Haven and Nickerson for installation of H-piles to support new structures.
In its revised third party complaint, filed on July 15, 1999, Nickerson alleges that it contracted with Norwalk Marine in 1992 to perform pile-driving work at the project. Nickerson alleges that West Haven has sued it for breach of contract, negligence and breach of warranty and that any liability it incurs is the result of negligence by Norwalk Marine in carrying out its tasks under the subcontract. Nickerson alleges that the written subcontract included an agreement by Norwalk Marine to indemnify it against such liability (First Count of Revised Third Party Complaint), that any damages suffered by West Haven were due to the active negligence of Norwalk Marine, such that it is liable for common law indemnification (Second Count), and that any such damages are caused by breach of its implied warranty to Nickerson that it would perform its work in a good and workmanlike manner (Third Count).
While the third party complaint contains additional counts, only the three characterized above are directed at Norwalk Marine.
Standard of Review
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384 (now § 17-49). Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481,697 A.2d 71 (1997)." (Internal quotation marks omitted.) Nicholsv. Lighthouse Restaurant, Inc., 246 Conn. 156, 163, 716 A.2d 71
(1998)."
It is well settled that a party seeking summary judgment has the burden of showing what the undisputed material facts are, and that the facts entitle the movant to judgment as a matter of law. Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714
(1999); Peerless Ins. Co. v. Gonzalez, supra, 241 Conn. 481; Dotyv. Mucci, 238 Conn. 800, 805-806 (1996); Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751-52 (1995); Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105 (1994); D.H.R.CT Page 67Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980). The issue is whether a party would be entitled to a directed verdict on the same facts. Connell v. Colwell, 214 Conn. 242, 246-47
(1990).
In deciding a motion for summary judgment, the trial court must view the evidence in the contractual indemnification unless Norwalk Marine has established its first ground, that is, that the undisputed facts are that any loss to West Haven was not caused by the negligence of Norwalk Marine in performing duties under the subcontract.
The court notes that Nickerson alleged that the contractual duty to indemnify also applied to damages caused by breach of contract by Norwalk Marine. The text of the indemnification clause does not support this claim. The clause does, however, apply to damages caused by negligence, and indemnification is claimed by Nickerson for such damages.
Negligence
Like the claim of a right to contractual indemnification, discussed above, Nickerson's claims for common law indemnification and for breach of warranty depend on whether the damages claimed by West Haven resulted from negligence by Norwalk Marine in performing its duties under the contract with Nickerson. Norwalk Marine claims in its motion that the undisputed facts show that it was not negligent because the standard of care under the circumstances is measured by whether or not it complied with all specifications and instructions provided to it by Nickerson. The contract, Exhibit F in the movant's submission in support of its motion for summary judgment, identifies the obligation of Norwalk Marine as "to furnish, drive and test Steel `H' Piles as specified under Section 548 — Steel `H' Friction Piles and as — shown on the drawing by Cascio, Bechir Engineers for Water Pollution Control Plant Improvements-Phase II, Inlet Works, Primary Sludge Pumping and Emergency Power Generator, Contrat No. 92-29 to the City of West Haven, CT project."
In an affidavit, Louis Gardella, president of the Norwalk Marine, avers that "the specifications specify every aspect of the pile driving activity" and that "Norwalk Marine followed the specifications supplied to it by Nickerson and stopped driving piles when requested to do so by Nickerson." Norwalk Marine CT Page 68 argues that every aspect of performance of the job was controlled by Nickerson. In a counter-affidavit, however, Stanley R. Bujalski, executive vice-president of Nickerson, states that Norwalk Marine was responsible for calibrating and operating equipment and monitoring its operation. He also avers that "Norwalk Marine Contractors, Inc was in control of the day to day pile driving activities during the course of their contract."
While compliance with drawings and specifications relates towhat is to be done, negligence can be manifested in how the defined task is performed. While Norwalk Marine claims merely to have carried out Nickerson' s instructions, the facts are in dispute as to which party determined how the tasks were to be done. The contract itself does not define the manner of the pile driving, that is, the speed, technique, and other factors that might potentially cause damage to surrounding structures. While Norwalk Marine asserts that all details of the operation were determined by Nickerson, the movant has not supplied the court with documents that establish the truth of that assertion. If the manner of driving the piles is specified in the contract documents, the movant has failed to direct the court to the provision in which this specification appears.
As the Supreme Court noted in Scinto v. Stamm, 224 Conn. 524,533 (1993), summary conclusions of law and unsupported allegations in an affidavit do not entitle a party to summary judgment. An argument in a brief to the effect that Nickerson controlled all aspects of the performance of the contract work is no substitute for the required submission of the facts on which that argument is based. Having failed to demonstrate through documentary submissions and affidavits that Nickerson specified not only the scope of the work but the method to follow in completing it, Norwalk Marine has failed to discharge its burden of showing what the undisputed facts are and that those facts entitle it to judgment as a matter of law.
Indemnification by an Agent
The movant further asserts that it cannot be required to indemnify Nickerson because it should be regarded as Nickerson's agent and an agent may not be found liable to a principal for following the instructions of the principal. This point, like the claim of lack of negligence, depends on whether the manner of performance was in fact wholly specified by Nickerson, with no exercise of control by Norwalk Marine, even assuming that a CT Page 69 subcontractor is to be regarded as an agent, rather than as an independent contractor. Contrary to the movant's contention, indemnification may be available to a principal from an agent, depending on the circumstances. See Wright Fitzgerald, Connecticut Law of Torts, § 69 (1968). The determinative circumstances are, again, whether Nickerson controlled the manner of performance of the contract work, such that all aspects of Norwalk Marine's work could be characterized as simply following instructions, without discretion or control of the manner of completing the contract work.
Warranty Claim
As the movant acknowledges in its brief in support of its motion for summary judgment, a warranty to perform work in a workmanlike manner under a contract requires "that degree of skill, efficiency and knowledge possessed of those of ordinary skill and competency in the particular field." Scribner v.O'Brien, Inc., 169 Conn. 389, 406 (1975). The manner of completion of the contract work has not been demonstrated. The court has no basis for concluding that the undisputed facts are that the method or technique used by Norwalk Marine was workmanlike. The movant has not directed the court to anything in the contract documents that supports its claim that the manner of performance was wholly designated by Nickerson, relieving it of any independent judgment as to the way to carry out the tasks. Norwalk Marine has failed to show what the facts are with regard to the breach of implied warranty of workmanlike performance.
Conclusion
Norwalk Marine has failed to demonstrate what the facts are concerning the manner of completion of the pile-driving work that was the subject of the subcontract. On the submissions supplied, the court is unable to conclude that Nickerson controlled and specified all aspects of the movant's performance, including the manner of conducting the operation. The facts concerning this issue are in dispute. Accordingly, the motion for summary judgment is denied with regard to the claims of contractual indemnification for damages caused by negligence in the first count and with regard to the second and third counts. Since the indemnification clause does not, by its terms, provide for indemnification for damages caused by breach of contract, summary judgment is granted as to the claim in the first count for indemnification for damages arising from Norwalk Marine's alleged CT Page 70 breach of contract.
Beverly J. Hodgson Judge of the Superior Court