[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 27, 2001, this court granted an employer's motion to intervene as party plaintiff pursuant to General Statutes § 31-293. On reconsideration, the court concludes that its May 27 decision, in which the court cited a single case, Karpinski v. SHW, Inc., Superior Court, judicial district of Tolland at Rockville, Docket No. 65367 (February 6, 1998, Sullivan, J.), did not satisfactorily explain the court's reason for the decision and, therefore, the following memorandum of decision.
On February 13, 2001, Benjamin Bostic filed an application for a prejudgment remedy seeking to attach property of Rocco Demato and KBD Excavating Hauling, Inc. Bostic claimed that there was probable cause and that a judgment would be rendered in his favor for the damages he allegedly suffered when a tractor trailer driven by Demato and owned by KBD Excavating Hauling failed to stop at a highway construction site and slammed into another truck that, in turn, struck Bostic.
A hearing on the application was held on April 2, 2001, and an attachment was granted up to the value of $5 million.
On March 1, 2001, appearances were filed on behalf of both defendants. On April 16, 2001, an appearance was filed on behalf of Bostic's employer, and on April 18, the employer, John J. Brennan Construction Co., Inc. (Brennan), filed a motion to intervene. Brennan asserted that Bostic's injuries arose out of, and in the course of, Bostic's employment; this employment was within the scope of the Workers' Compensation Act; that Brennan had paid benefits to and on behalf of Bostic; and that Brennan was entitled to reimbursement. On April 30, 2001, copies of the original writ, summons, and signed complaint were served on the Defendants, and on May 2, 2001, return was made to the court. The Defendants have each filed objections to the motion to intervene, asserting that on April 18, 2001, the date of the filing of the application to intervene, there was no pending lawsuit for civil CT Page 7592 damages that would afford the employer an opportunity to intervene.
General Statutes § 31-293 requires that if an employee, employer or the custodian of the Second Injury Fund brings an action against such person, "he shall immediately notify the others, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate."
"[F]our overlapping principles that inform the rights established by § 31-293 (a)" have been identified: "First, the statute protects an injured employee by allowing the employee to sue a third party tortfeasor in a private cause of action for damages, such as pain and suffering, that are uncompensated by a workers' compensation award. . . . Second,the statute protects an employer by allowing the employer to obtainreimbursement for workers' compensation benefits from a third partytortfeasor, either by becoming an intervening plaintiff in the employee's cause of action or by bringing a separate action derivative of the employee's cause of action. . . . Third, the employer's statutory right to subrogation of the proceeds of the employee's claim against the tortfeasor implements the public policy of preventing double recovery byan injured employee. . . . Fourth, the employer's statutory right to reimbursement reenforces the public policy that, between the employer andthe employee, workers' compensation provides the exclusive remedy forpersonal injury to the employee. . . ." (Citations omitted; emphasis added.) Nichols v. The Lighthouse Restaurant, Inc., 246 Conn. 156, 164,716 A.2d 71 (1998).
Because the employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from § 31-293 (a), it is necessary to ascertain and give effect to the apparent intent of the legislature. To do so, the court looks to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. Id. It is presumed that the legislature intended a just and rational result. Duni v. UnitedTechnologies Corp./Pratt Whitney Aircraft Division, 239 Conn. 19, 24,682 A.2d 99 (1996).
Although General Statutes § 31-293 sets a deadline for an application to intervene, it is designed to permit the employer to obtain reimbursement from the third party tortfeasor and to prevent double recovery by an injured employee. It requires that an employee who bringsCT Page 7593an action against the tortfeasor immediately notify the employer of the action and of the name of the court to which the writ is returnable so that the employer will have the information necessary to exercise its right to join. The statute contains no language limiting how soon, or how early, an application may be filed. Considering the purpose for and intent of the statute, there can be no reason to prevent an employer from filing its application as soon as it becomes aware that an employee has made a claim. Here, the application was on file and awaiting action when the complaint was returned to court. The court granted the employer's motion to intervene because was appropriate considering the meaning, purpose and intent of
Hiller, J.