[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR RECONSIDERATION #159
On November 5, 2001, the plaintiffs, Benny Toscano and Gueseppa Toscano, filed a motion asking this court to reconsider its October 24, 2001 decision granting the motion to intervene (#149) filed by Silicon Valley Group, Inc. (Silicon) on September 25, 2001. On April 15, 2002, this court granted the motion for reconsideration and heard argument from the parties on the motion to intervene. Hereinafter all references to the plaintiff will be to Benny Toscano only.
Silicon seeks to intervene, pursuant to General Statutes § 31-293, in the action filed by its employee, Toscano, against Sodexho Marriott Services, Inc., (Sodexho), in which Toscano seeks damages for injuries he sustained at the cafeteria premises of Sodexho. Silicon seeks intervention to recover workers' compensation benefits paid to Toscano. Toscano filed a memorandum of law in opposition to Silicon's motion to intervene, arguing that Silicon's right of action has abated because it did not intervene within thirty days of receiving notification of Toscano's suit, as required by § 31-293 (a).
The parties do not dispute that Toscano notified Silicon by certified mail that he had filed an action against Sodexho and that the notice included the name of the court to which the writ is returnable and informed Silicon that its right to intervene may be foreclosed if not exercised within thirty days pursuant to General Statutes § 31-293
(a). Moreover, Silicon does not dispute that its motion to intervene, filed on September 25, 2001, was beyond the thirty day limitation prescribed by § 31-293 (a).
Silicon argues, however, in support of its motion to intervene that because § 31-293 (a) provides that an employer "may" join as a party plaintiff, not that an employer must join, and because that statute also provides that the employer "shall have a lien upon any judgment received by the employee against the party or any settlement received by the employee from the party," it should, notwithstanding its non-compliance with § 31-293 (a), be permitted to intervene pursuant to that statute or be joined as a necessary party pursuant to General Statutes §§52-101, 52-102. These arguments are unavailing. CT Page 6705
When a party, other than an employer, is liable to an employee for injuries the employee sustained on the job, "the employee may proceed at law against such person to recover damages for the injury. . . ." General Statutes § 31-293 (a). Once the employee has initiated a suit against a third party tortfeasor, "he shall immediately notify the [employer], in writing, by personal representation or by registered or certified mail, of the action and the name of the court to which the writ is returnable. . . ." General Statutes § 31-293 (a). Moreover, to comply with the due process clause, "the notice must also include a notice that the recipient's right to bring an action against the third party tortfeasor will be permanently lost if the recipient does not move to intervene in the action within thirty days of such notification." Worsham v. Greifenberger, 242 Conn. 432,444, 698 A.2d 867 (1997).
While § 31-293 (a) does not require an employer to intervene in an action brought by its employee against a third party tortfeasor, when the employer does seek to intervene in such an action, the failure to do so within thirty days of having received notice that meets statutory and due process standards results in the abatement of the employer's right of action. Any other reading of § 31-293 (a) would render the abatement language of the statute superfluous, and "statutes must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant." (Internal quotation marks omitted.) Nizzar v. StateTraffic Commission, 259 Conn. 131, 158, 788 A.2d 1158 (2002).
The provision of lien rights in § 31-293 (a)[1] for the reimbursement of workers' compensation benefits does not abrogate the thirty day requirement for intervention under that statute, for as the Supreme Court noted in Nichols v. The Lighthouse Restaurant, Inc.,246 Conn. 156, 168-69, 716 A.2d 71 (1998), the statutory lien created by the 1993 amendment to § 31-293 (a) was intended to be "an additional option available to the employer for obtaining reimbursement from a third party tortfeasor for workers' compensation payments." The court further noted that "the fact that an employer now is entitled to a lien on its employee's judgment is not persuasive evidence of the intent of the legislature to effect a change in the operation of the thirty day provision of § 31-293 (a)." Nichols v. The Lighthouse Restaurant,Inc., supra, 246 Conn. 169.
In the present case Silicon seeks intervention pursuant to § 31-293
(a). There is no motion pursuant to either General Statutes § 52-101
or § 52-102 before this court and Silicon's argument that it should be joined as a necessary party pursuant to those statutes is not relevant to the question of whether Silicon has timely intervened pursuant to CT Page 6706 § 31-293 (a).
It is undisputed that Silicon received notice of Toscano's action against Sodexho on August 9, 2001, and that Silicon's motion to intervene was filed forty-seven days later on September 25, 2001. Silicon's right to intervene pursuant to § 31-293 (a) has abated, and upon reconsideration its motion to intervene is denied. It is therefore ordered that Silicon's intervening complaint be dismissed and its appearance stricken.
 _______________ GALLAGHER, J.