[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs "Motion for Summary Judgment Dismissing Intervening Complaint" is granted.
The plaintiff claims that his employer, i.e. the intervening plaintiff, did not timely move to intervene and that the employer's claim is therefore barred by General Statutes § 31-293 (a). The employer objects to the motion for summary judgment on two grounds: (1) that the plaintiff lacks standing to raise the statutory bar by way of summary judgment and (2) that the employer's motion to intervene was timely filed because the employer filed the motion within the two year limitation period set forth in General Statutes § 52-584.
The court concludes that the plaintiff does have standing to assert the motion for summary judgment. What has occurred previously in this case is relevant to this issue. At the time the employer moved to intervene, the plaintiff timely objected and raised the same issue that he now presents by way of his motion for summary judgment. The court, Rush, J., granted the motion to intervene and later informed the parties as follows: "The issues raised by the plaintiff can be raised in a different procedure and the granting of the motion [to intervene] was not intended to be a ruling on the merits of the claim." This court concludes that the plaintiff does have standing. CT Page 15334-db
The employer's cause of action has abated in light of the fact it did not move to intervene until thirty days after it received the notification required by § 31-293 (a). See Nichols v. The LighthouseRestaurant, Inc., 246 Conn. 156, 163-164, 716 A.2d 71 (1998). The employer's claim is not saved by the fact § 52-584 contains a two year limitation period for causes of actions brought to recover damages caused by negligence. The employer's claim is a statutory claim derived from § 31-293 (a). It is limited also limited by § 31-293 (a)
The motion for summary judgment is granted.
 ___________________ THIM, J.
CT Page 15334-dc